**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0450n.06
Filed: May 27, 2005

**No. 04-3399**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | |
| BLENDI HASANAJ, | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| Petitioner, | ) | IMMIGRATION APPEALS |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: KENNEDY and COOK, Circuit Judges; VARLAN, District Judge.[*]

PER CURIAM. Petitioner Blendi Hasanaj, a native and citizen of Albania, seeks review of the Board of Immigration Appeals order affirming an Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Hasanaj argues the BIA's summary affirmance of the IJ's decision violated due process, and that substantial evidence did not support the IJ's denial of his applications. For the following reasons, we deny the petition.

---

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

No. 04-3399
*Hasanaj v. Gonzales*

We note initially that the BIA did not violate Hasanaj's due-process rights in affirming the IJ without opinion. *See Denko v. INS*, 351 F.3d 717, 731-32 (6th Cir. 2003) (BIA summary affirmance appropriate in the absence of novel facts or substantial factual or legal issues). Because the BIA affirmed the IJ without opinion, we review the IJ's decision directly. *Id.* at 730. We must uphold the IJ's factual findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supported the IJ's denial of asylum. The IJ found Hasanaj's claims regarding past and possible future persecution in Albania incredible, concluding that Hasanaj testified inconsistently with statements in his asylum application. The IJ noted three points of discrepancy, all of which are supported by the record.

First, petitioner testified that in June 1997 he was beaten by uniformed policemen—but his asylum application stated he was beaten by socialist criminal bands. Asked to explain the discrepancy, petitioner testified that the "socialist criminal bands" *were* policemen. The IJ found this explanation unpersuasive.

Second, petitioner testified that police broke his nose during a February 1999 rally to celebrate the Democratic Party's anniversary. But in his asylum application, he stated that the rally was in remembrance of "the December 1990 and the Students' Movement against the communist regime." Asked to explain, petitioner testified that the Democratic Party was founded on December

8, 1991. The IJ noted that this discrepancy was not significant, but raised questions about the petitioner's testimony.

Third, petitioner testified that he was arrested and detained in June 2000, while his asylum application states this occurred on September 16, 1999. Asked to explain, petitioner attributed the date on his application to typographical error. The IJ found this unsatisfactory, because the date on the application was complete with month, day, and year, and his testimony was less complete.

At least the first and third of these discrepancies go to the heart of petitioner's claim, and support the IJ's conclusion that Hasanaj's testimony was incredible. We therefore affirm the denial of asylum. *See Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004) (adverse credibility finding must be based upon inconsistencies going to the heart of petitioner's claim). And having failed to meet the standards for asylum, petitioner necessarily fails to meet the more stringent standards for withholding of removal. *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir. 1998). His application for protection under the Convention Against Torture likewise fails without the support of his testimony.

For these reasons, we affirm the BIA and deny Hasanaj's petition for review.