RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0343p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ANETA LUMAJ,

*Petitioner,*

*v.*

No. 05-3350

ALBERTO R. GONZALES,

*Respondent.*

---

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A95 402 353.

Submitted: July 25, 2006

Decided and Filed: September 6, 2006

Before: GIBBONS and ROGERS, Circuit Judges; HOLSCHUH, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Terence G. Hoerman, Detroit, Michigan, for Petitioner. Avery W. Gardiner, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

**OPINION**

---

JULIA SMITH GIBBONS, Circuit Judge. Aneta Lumaj, a native and citizen of Albania, appeals the denial of her claim for asylum pursuant to section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, and voluntary withholding of removal pursuant to section 241(b)(3)(A) of the INA, 8 U.S.C. § 1231(b)(3)(A). Lumaj applied for asylum on the basis of political persecution, claiming that she was attacked by two men at a political rally because of her membership in the Youth Forum of the Albanian Democratic Party ("Youth Forum"). The Immigration Judge ("IJ") found that Lumaj had not met her burden of showing past persecution or a well-founded fear of future persecution and thus was not a "refugee" as defined in the INA. The Board of Immigration Appeals ("BIA") affirmed without opinion. Lumaj appeals to this court on two grounds.

---

[*]The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

Lumaj first contends that the BIA's streamlined review process, specifically single-judge review and the clearly erroneous standard for reviewing factual determinations, violated Lumaj's constitutional right to due process. It should first be noted that an administrative appeal to the BIA is provided by statute, not by the Constitution. *See Denko v. INS*, 351 F.3d 717, 729 (6th Cir. 2003) (*citing Guentchev v. INS*, 77 F.3d 1036, 1038 (7th Cir. 1996)); *see also Albathani v. INS*, 318 F.3d 365, 376 (1st Cir. 2003) ("An alien has no constitutional right to any administrative appeal at all."); *Zhang v. U.S. Dept. of Justice*, 362 F.3d 155, 157 (2d Cir. 2004) (same). Relying on this reasoning, this court has previously held that the streamlined procedures of the BIA do not violate due process. *Denko*, 351 F.3d at 729-30. This conclusion aligns with that of every other circuit to consider this issue. *See Demirzhiu v. Ashcroft*, 96 F. App'x 263, 266 n.3 (6th Cir. 2004) (collecting cases). This court has reaffirmed the holding in *Denko* on numerous occasions, *see, e.g.*, *Linadi v. Gonzales*, 167 F. App'x 515, 516 (6th Cir. 2006); *Camara v. Gonzales*, 166 F. App'x 840, 843-44 (6th Cir. 2006), and we do so again today. The BIA's review process did not violate Lumaj's constitutional rights.[1]

Lumaj also argues cursorily that the IJ's findings are not supported by substantial evidence. The IJ found that Lumaj had not met her burden of showing either that she had suffered past persecution or that she had a well-founded fear of future persecution. These determinations will be upheld if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole,'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). This court must affirm the IJ's decision unless "the evidence not only supports a contrary conclusion, but indeed compels it." *Csekinek v. INS*, 391 F.3d 819, 821-22 (6th Cir. 2004) (internal quotation marks and citation omitted).

The evidence in this case strongly supports the IJ's conclusions. Lumaj claims that while attending a political demonstration with her cousin, two men claiming to be police officers attacked them, beat them, forced them into a car, and attempted to kidnap them. Lumaj asserts that she was able to escape before they could abduct her or sexually assault her. Even assuming, as the IJ did, that this attack indeed took place, it does not amount to persecution. Courts have ruled that persecution can be found on the basis of only one incident, *see Dandan v. Ashcroft*, 339 F.3d 567, 573 (7th Cir. 2003), but an isolated attack must be of sufficient severity to warrant such a finding.

---

[1]Lumaj's attorney, Terence Hoerman of Detroit, Michigan, devotes the majority of his brief to a discussion of the due process issue, despite this court's clear rejection of the same argument in *Denko*. Research by this panel reveals that Mr. Hoerman has used the same language raising the due process argument in at least *eleven* other cases that are pending before this court, *see Cela v. Gonzalez*, No. 05-3090; *Dokaj v. Gonzales*, No. 05-3356; *Bijani v. Gonzales*, No. 05-3865; *Sinojmeri v. Gonzales*, No. 05-3895; *Bushati v. Gonzales*, No. 05-4408, or have been recently decided, *see Linadi v. Gonzales*, No. 04-4507; *Hasanaj v. Gonzales*, No. 04-3399; *Lleshdedaj v. Gonzales*, No. 04-3947; *Elezaj v. Gonzales*, No. 04-4059; *Camara v. Gonzales*, No. 04-4163; *Cela v. Gonzales*, No. 04-4457. In these briefs, Mr. Hoerman makes almost no argument regarding his client's individual case or the substantive ruling of the Immigration Judge.

Moreover, Mr. Hoerman has been on notice that *Denko* forecloses the due process argument since at least May 27, 2005. On that date, this court issued its opinion in *Hasanaj*, citing *Denko* and reaffirming that the BIA's procedures do not violate the petitioner's due process rights. 132 F. App'x 645, 645 (6th Cir. 2005). In every brief filed since this date, including ten of the cases cited above, Mr. Hoerman has made the same argument, verbatim, as the one rejected in *Hasanaj*, without citing *Denko* or making any attempt to distinguish its holding. In doing so, he has failed to comply with his well-defined duty to "disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *See* Model Rule of Professional Conduct 3.3; *United States v. Marks*, 209 F.3d 577, 585 (6th Cir. 2000) (citing Rule 3.3 as applicable in this circuit); *Thompson v. Parkes*, 963 F.2d 885, 888 n.1 (6th Cir. 1992) (same). As *Denko* is controlling precedent, and Mr. Hoerman has consistently made the same due process argument without citation to it, he has violated this basic tenet of professional conduct.

Although Mr. Hoerman's conduct in this and other cases might warrant the imposition of sanctions pursuant to statute or the rules of this court, the court at this time elects instead to warn Mr. Hoerman that sanctions, including monetary sanctions and disbarment from practice in this court, are available to future panels who encounter similar examples of poor advocacy. Moreover, the court directs Mr. Hoerman to correct the deficiencies noted here in future filings.

 *Id.* at 573-74.  In this case, Lumaj claims to have been beaten and to have suffered some bodily injuries, but she was not detained, imprisoned, tortured, or sexually assaulted in any way.  "[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.  If persecution were defined that expansively, a significant percentage of the world's population would qualify for asylum in this country . . . ." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993).  *See also Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998); *Nelson v. INS*, 232 F.3d 258, 263-64 (1st Cir. 2000); *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996).  In addition, Lumaj offered no evidence that the government in any way acquiesced in the conduct or that the attack was any more than a random criminal act, which is not sufficient for a finding of persecution.  *See Abdille v. Aschcroft*, 242 F.3d 477, 494 (3d Cir. 2001); *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001).  This one, isolated incident, of limited severity, does not constitute "persecution."

 Lumaj also failed to show that she was attacked "on the basis of" her political activity.  She claims to have been attacked because of her membership in the Youth Forum.  The record indicates, however, that she had been a member of the Youth Forum for only six months and her activities had been limited to handing out leaflets at two political rallies.  Lumaj admitted at the hearing that she does not have a "deep knowledge" of the politics of her home country and that she was "just starting to learn about politics" at the time of the alleged incident.  As there is little evidence to support Lumaj's assertion that she was even engaged in political activity, we find no error in the IJ's conclusion that Lumaj was not persecuted on the basis of her political beliefs.

 Substantial evidence also supports the IJ's determination that Lumaj cannot show a well-founded fear of future persecution.  As Lumaj has failed to show past persecution, she must independently establish a well-founded fear of persecution, by showing that:

> (1) [she] has a fear of persecution in . . . her country on account of race, religion, nationality, membership in a particular social group, or political opinion; (2) there is a reasonable possibility of suffering such persecution if [she] were to return to that country; and (3) [she] is unable or unwilling to return to that country because of such fear.

*Mikhailevitch*, 146 F.3d at 389.  The fear of persecution must be both subjectively genuine and objectively reasonable.  *Perkovic v. INS*, 33 F.3d 615, 620-21 (6th Cir. 1994).

 The IJ found that Lumaj has a subjective fear of future persecution, due to her youth and gender, but he concluded that any such fear is not objectively reasonable.  As Lumaj has not shown a "reasonable possibility" that she would suffer persecution upon return to Albania, substantial evidence supports the IJ's holding.  Lumaj's limited political knowledge and activity make it unreasonable to assume that she will be persecuted on this ground.  Even if she were politically active, the Country Conditions Report for Albania indicates that while there is a danger of violence in Albania, it is due mostly to individual acts or organized crime, and there is "virtually no evidence that individuals are targeted for mistreatment on political grounds."  Lumaj cannot show that she has a well-founded fear of future persecution.  Thus, she does not qualify as a "refugee" under the INA and is not entitled to asylum.

 In order for Lumaj to be entitled to withholding of removal, she must show that there is a clear probability that if she returns to her home country she will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1231(b)(3).  The burden of proof for withholding of removal is more exacting than that for asylum. *Mikhailevitch*, 146 F.3d at 391.  As Lumaj does not qualify for asylum, she cannot meet the higher standard for withholding of removal.  *Id.*; *Yu v. Aschcroft*, 364 F.3d 700, 703 n.3 (6th Cir. 2004).

 The petition for review is denied.