NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0827n.06
Filed: November 13, 2006

No. 05-3941

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| VENDIM BIRBILI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM A DECISION OF THE |
| | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ALBERTO R. GONZALES, | ) | |
| | ) | |
| Respondent. | ) | |

Before: MARTIN and COOK, Circuit Judges; BERTELSMAN, District Judge.[1]

**PER CURIAM.** The petitioner, Vendim Birbili, seeks review of a final order of removal entered by the Board of Immigration Appeals which affirmed without opinion an immigration judge's decision denying Birbili's application for asylum, withholding of removal, and relief under the Convention Against Torture. For the reasons discussed below, we **DENY** the petition for review.

Birbili is a native and citizen of Albania. He entered the United States in 2000 as a visitor and was placed in removal proceedings after overstaying his visa. In August 2000, Birbili

---

[1]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

filed an application requesting relief from removal in the form of asylum, withholding of removal, and relief under the Convention Against Torture. In November 2000, Birbili filed a supplemental application for the same relief. Birbili claims that he was subjected to political persecution in Albania based on his membership in the Democratic Party and the Politically Persecuted Association in Lazaret, Albania.

A merits hearing was held in Detroit, Michigan in January 2004. Following this hearing, the immigration judge denied all forms of relief requested, finding that Birbili's testimony lacked credibility; that he had failed to demonstrate that he suffered past persecution; and that even assuming he could show past persecution, country conditions in Albania had changed such that he could not show a well-founded fear of future persecution. Birbili timely appealed to the BIA, which affirmed without opinion.

When the BIA affirms the immigration judge without opinion, this Court reviews the immigration judge's decision as the final administrative order. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (citation omitted).

We conclude that the immigration judge's factual determinations regarding Birbili's claims of past and future persecution are supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Lumaj v. Gonzales*, No. 05-3350, 2006 WL 2547466, at *1 (6th Cir. Sept. 6, 2006) (citation omitted). While perhaps harshly worded, the immigration judge's assessment of Birbili's testimony regarding the alleged events of October 18, 1999, was accurate insofar as Birbili's testimony about that day was indeed internally inconsistent. Birbili first testified that a secret police officer threatened him and then let him go. Upon further examination, however, Birbili testified that the police officer took him into

detention and held him for several days.

This inconsistency is not irrelevant or minor, but instead goes to the "heart" of Birbili's asylum claim. *Yu*, 364 F.3d at 703-04 (citation omitted). Birbili testified to only three or four alleged incidents of physical abuse by the government, and he provided no corroborative testimony or documentation that these incidents in fact occurred. Thus, this fundamental inconsistency regarding one of those incidents "undermines a claim of persecution." *Patel v. Gonzales*, 126 Fed. Appx. 283, 291 (6th Cir. 2005). *Cf. Vucaj v. Gonzales*, 150 Fed. Appx. 444, 450-51 (6th Cir. 2005) (granting petition for asylum by native Albanians where inconsistencies in testimony were minor and did not relate to basis for alleged fear of persecution; applicant also provided corroborative testimony).

Birbili gave no reason for the above inconsistency other than a failure of memory, which did not persuade the immigration judge, who noted that an inability to recall such an important fact was not credible given that there were so few alleged arrests. Of course, the immigration judge was in the best position to observe Birbili's demeanor as he testified, and this weighs in favor of deference being afforded his adverse credibility determination. *Patel*, 126 Fed. Appx. at 290.

While other inconsistencies noted by the immigration judge are less central to Birbili's claim, the immigration judge also found important the fact that Birbili provided no corroborative testimony, despite the fact that several fellow democrats who all allegedly experienced discrimination at the hands of the Socialist government after graduation now reside in the United States. We conclude that the immigration judge properly considered the absence of such corroborative evidence. *See Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004).

3

We also conclude that, given Birbili's testimony at the hearing, the immigration judge reasonably concluded that Birbili's primary motive in leaving Albania was economic, rather than based on political persecution.

The immigration judge also concluded that even if one accepted Birbili's account of these alleged incidents, they would not rise to the level of persecution for purposes of an asylum claim. We conclude that the record does not compel a contrary result. *See Bocova v. Gonzales*, 412 F.3d 257, 263-64 (1st Cir. 2005).

Substantial evidence also supports the immigration judge's finding that even if Birbili suffered past persecution, changed country conditions rebut the presumption of a well-founded fear of future persecution in Albania. The immigration judge did not err in relying on the State Department reports in this regard. *See Lumaj v. Gonzales*, No. 05-3350, 2006 WL 2547466, at *2 (6th Cir. Sept. 6, 2006); *Gjelaj v. Gonzales*, No. 05-3204, 2006 WL 1307986, at *5 (6th Cir. May 11, 2006).

Therefore, this case appears to fall into the category of asylum cases in which the bases for the immigration judge's adverse credibility determination are not overwhelming, but which are not so deficient as to compel a contrary result, as is required under the applicable standard of review. *See, e.g., Bah v. Gonzales*, No. 04-3454, 2006 WL 2571393, at *4 (6th Cir. Sept. 8, 2006); *Yu*, 364 F.3d at 704.

Finally, because the burdens for withholding of removal and relief under the United Nations Convention Against Torture are greater than that for claims of asylum, the immigration judge properly denied those claims as well.

We therefore **DENY** the petition for review of the BIA's order affirming the decision of

the immigration judge.