NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0053n.06
Filed: January 23, 2007

No. 05-4408

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PJETER BUSHATI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| ALBERTO GONZALES, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |

Before:     KEITH, CLAY, Circuit Judges; and MAYS, District Judge.[*]


**DAMON J. KEITH**, **Circuit Judge**.  Petitioner-Appellant Pjeter Bushati petitions the Court

for review of a Board of Immigration Appeals ("BIA") decision affirming, without opinion, an

immigration judge's denial of his application for deferral of removal under the United Nation's

Convention Against Torture ("CAT").  For the reasons set forth below, we **DENY** Bushati's due

process claims and **DISMISS** his remaining claims for lack of jurisdiction.

**I.**

Pjeter Bushati is a 41-year-old native and citizen of Albania.  He left Albania for Yugoslavia

in 1990 as a political refugee.  In 1991, Bushati entered the United States as a refugee.  In 1992, his

immigration status was adjusted to lawful permanent resident.  On September 22, 1995, Bushati was

convicted of two criminal counts in the State of Michigan Circuit Court for the County of Macomb:

---

[*] The Honorable Samuel H. Mays, Jr., United States District Court for the Western District
of Tennessee, sitting by designation.

(1) breaking and entering a building with intent to commit larceny and (2) conspiracy to commit breaking and entering. He was sentenced to a term of 24 to 120 months of incarceration on each count, to be served concurrently.

Removal proceedings were commenced against Bushati on February 17, 2000, with the filing of a notice to appear. The notice charged Bushati with being subject to removal as an alien convicted of an aggravated felony. On November 7, 2000, Bushati conceded removability. Thereafter, on April 27, 2001, he filed applications for withholding of removal pursuant to section 241(b)(3) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1231(b)(3)(A), and withholding and deferral of removal under the CAT, 8 C.F.R. §§ 1208.16, 1208.17(a). In the applications, he alleged that if he were to return to Albania he would be detained, made to "disappear," tortured, or forced to admit he is a spy and then tortured because he and his family have always been anti-Communist and the people in power in Albania are former Communists.

An administrative hearing was held on Bushati's applications before an immigration judge on May 19, 2004. Bushati testified briefly and did not call any witnesses. At the hearing, when asked if he would be subject to torture if he returned to Albania, Bushati responded that it was not safe for him in Albania and that he would not feel comfortable there. He further stated that he was not able to say whether he might be subject to torture because he had not been in Albania for more than ten years. When questioned about what might happen if he returned tomorrow, Bushati responded that he did not know. When asked if the only reason he feels that he would be persecuted is because he left Albania illegally, Bushati responded "probably." He testified that his father and five siblings continue to reside in Albania and none of them have experienced problems with the

government. He stated that when he lived in Albania, he was never detained, interrogated, imprisoned, or persecuted by the authorities. He also testified that he has never been a member of a political party or active in politics in Albania or anywhere else.

In an oral decision following the hearing, the immigration judge found that Bushati did not qualify for withholding of removal under the INA or the CAT because he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). As to Bushati's petition for deferral of removal made pursuant to the CAT, the immigration judge found that Bushati had failed to satisfy his burden to demonstrate that it was more likely than not he would be tortured upon his return to Albania. Accordingly, the immigration judge denied Bushati's applications. On October 7, 2005, the BIA affirmed the immigration judge's determination without an opinion pursuant to 8 C.F.R. § 1003.1(e)(4).

Bushati timely filed a petition for review of the BIA's decision with this Court on November 4, 2005. Bushati does not appear to appeal the BIA's denial of withholding of removal under the INA or the CAT.[1] Rather, Bushati only petitions the Court for review of the denial of his application for deferral of removal under the CAT.

## II.

Where the BIA affirms an immigration judge's decision without an opinion, we review the decision of the immigration judge directly. *Denko v. INS*, 351 F.3d 717, 726 (6th Cir. 2003). Our review of Bushati's petition is limited by 8 U.S.C. § 1252(a)(2)(C) and (D). *Tran v. Gonzales*, 447

---

[1] To the extent that Bushati's brief could be construed as such, he has effectively waived appeal of those issues. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 525 n.4 (6th Cir. 2006).

F.3d 937, 940 (6th Cir. 2006). Section 1252(a)(2)(C) "precludes courts from reviewing any 'final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [convicted of an aggravated felony].'" *Id*. (quoting 8 U.S.C. § 1252(a)(2)(C)) (alterations in the original). Section 1252(a)(2)(D) supplies an exception to this restriction on judicial review, providing: "Nothing in subparagraph (B) or (C), or in any other provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals[.]" 8 U.S.C. § 1252(a)(2)(D). It is undisputed that Bushati committed aggravated felonies covered by sections 1252(a)(2)(C) and 1227(a)(2)(A)(iii). Therefore, our review of his petition is circumscribed to only constitutional claims or questions of law. Our review of constitutional claims is *de novo*. *Elia v. Gonzales*, 431 F.3d 268, 272 (6th Cir. 2005).

Bushati raises two distinct challenges to the BIA's decision. First, he claims that the immigration judge's finding that he failed to meet his burden in establishing a CAT deferral of removal claim was not supported by substantial evidence. The issue of whether substantial evidence supports the immigration judge's finding that Bushati did not establish that he would likely be subject to torture upon removal to Albania is clearly a factual determination. As such, the claim falls outside the jurisdictional purview of this Court and must be dismissed.

Bushati's second ground for appeal is that the BIA's use of the summary-affirmance-without-opinion procedures (so called "streamlining procedures") set forth in 8 C.F.R. § 1003.1(e)(4)

violated his right to constitutional due process under the Fifth Amendment.[2]  We need not tarry.

This issue was expressly decided in *Denko*, 351 F.3d at 729-30.  The petitioner in *Denko*, proffered

the same due process arguments that Bushati presents in the instant appeal, and this Court, in turn,

upheld the streamlining procedures as constitutional.  *Id.*  "This conclusion aligns with that of every

other circuit to consider the issue[,] . . . [and] [t]his court has reaffirmed the holding in *Denko* on

numerous occasions[.]"  *Lumaj v. Gonzales*, 462 F.3d 574, 576 (6th Cir. 2006) (citations omitted).

As Bushati's due process claims are wholly indistinguishable from *Denko*, the claims must be

denied.[3]

### III.

For the aforementioned reasons, Bushati's due process claims are **DENIED** and the

remainder of his petition for review is **DISMISSED** for lack of jurisdiction.

---

[2] Although Bushati provides, in an argument subheading and the "Statement of the Issues" portion of his appellate brief, that an issue on appeal is whether the streamlining provisions violated his rights to due process *or equal protection*, he does not advance any equal protection arguments. As such, Bushati has forfeited his equal protection claim.  *See Rawe*, 462 F.3d at 525 n.4 (citing *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999); *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir. 1997)) (stating that a claim is deemed forfeited and will not be considered by the Court when an appellant simply identifies a claim as an issue for appeal without providing any argument addressing the merits of the claim).

[3] We note that Petitioner's counsel, Terence G. Hoerman, has unsuccessfully asserted the identical due process arguments, verbatim, to this Court a multitude of times.  *See Lumaj,* 462 F.3d at 576 n.1 ("Mr. Hoerman has used the same language raising the due process argument in at least *eleven* other cases that are pending before this court, . . . [even though he] has been on notice that *Denko* forecloses the due process argument since at least May 27, 2005[,]" when the Court issued an opinion in one of his cases citing *Denko* and reiterating that the BIA's streamlining procedures do not violate a petitioner's due process rights.  *Id.*  (internal citations omitted)).