NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0607n.06
Filed: October 10, 2008

No. 07-3959

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

AVTANDIL RUSISHVILI,

      Petitioner-Appellant,

v.

MICHAEL B. MUKASEY,

      Respondent-Appellee.

      On Petition for Review from the
Board of Immigration Appeals

_____/

BEFORE:    BOGGS, Chief Judge; and RYAN and COLE, Circuit Judges.

      RYAN, Circuit Judge.      The petitioner, Avtandil Rusishvili, appeals a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of his claim for asylum and withholding of removal. Because we find that substantial evidence supports the IJ's decision, we **DENY** Rusishvili's petition for review.

**I.**

      The petitioner is a native and citizen of Georgia who entered the United States as a non-immigrant visitor for pleasure in January 1999, with permission to stay until July 10, 1999. When Rusishvili stayed beyond the prescribed period, the Immigration and Naturalization Service commenced deportation proceedings against him.

      Rusishvili claims that he suffered past persecution in Georgia based on his political views and his Jewish religion and ethnicity, and he argues that he would suffer future

persecution if forced to return.  In support of his claim, he cites that he was a political cartoonist for different newspapers and drew many cartoons that were critical of members of the government.  He also cites a single incident of vandalism to the apartment complex where he lived, and an incident where he found that his car had been riddled with bullets.  He claims that in response to his cartoons, the newspapers received threatening phone calls where his Jewish ethnicity was mentioned.  In addition, he claims that the vandalism and the shooting incident were both accompanied by ethnic slurs.  However, he does not claim to have suffered any direct attack against him personally.

The IJ concluded that Rusishvili failed to establish that he suffered past persecution on account of his political opinion, religion, or ethnicity and that the government proved by a preponderance of the evidence that conditions in Georgia have changed to overcome any presumption of a fear of future persecution.  The IJ issued an oral opinion denying Rusishvili's application for asylum, denying his application for withholding of removal under the Immigration and Nationality Act and the Convention Against Torture, and also denying his request for voluntary departure.  The BIA affirmed the IJ's decision without issuing an opinion and Rusishvili then filed a timely petition for review.  Rusishvili does not challenge the IJ's decision to deny CAT relief nor does he challenge the denial of his request for voluntary departure.

## II.

When the BIA adopts the IJ's reasoning with respect to a claim for asylum or withholding of removal, we review the IJ's decision directly.  Singh v. Ashcroft, 398 F.3d 396, 401 (6th Cir. 2005).  And in doing so, we will reverse the IJ's decision only when "the

evidence not only <u>supports</u> that conclusion, but <u>compels</u> it." <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 n.1 (1992).

In order to receive asylum, the applicant must establish that he has a well-founded fear of future persecution if returned to his country of origin. 8 U.S.C. § 1101(a)(42)(A); <u>Akhtar v. Gonzales</u>, 406 F.3d 399, 404 (6th Cir. 2005). To qualify for withholding of removal, the applicant must demonstrate that it is more likely than not that he will be persecuted if forced to return to the place from which he emigrated. 8 U.S.C. § 1231(b)(3)(A); <u>INS v. Stevic</u>, 467 U.S. 407, 413 (1984).

### III.

Substantial evidence supports the IJ's decision to deny Rusishvili's applications for asylum and for withholding of removal because Rusishvili has not demonstrated a well-founded fear of future persecution. The instances of persecution cited by the petitioner appear to be merely isolated criminal activity rather than "persecution" as meant by the Immigration and Nationality Act. <u>See</u> <u>Lumaj v. Gonzales</u>, 462 F.3d 574, 577-78 (6th Cir. 2006). Rusishvili was never physically attacked and it is not even clear that any of these incidents were directed at him on account of his political opinion, religion, or ethnicity.

Likewise, substantial evidence supports the IJ's conclusion that conditions in Georgia have changed so as to rebut any presumption of future persecution. The State Department Human Rights reports relied upon by the IJ indicate that journalists are generally free from harassment on account of political opinion and that those who practice Judaism are not at particular risk of attacks in Georgia. Relying upon these reports is an acceptable practice for determining that conditions have sufficiently changed, and the IJ

reasonably relied upon these reports to conclude that conditions have in fact changed by

a preponderance of the evidence standard.

## IV.

Therefore, we **DENY** Rusishvili's petition for review.