MERRITT, Circuit Judge.
Petitioner Gonzalo Perez-Morales seeks review of a decision of the Board of Immigration Appeals dated December 31, 2009. In that decision, the Board dismissed Perez-Morales’s appeal and affirmed the decision of the Immigration Judge denying his applications for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a)(1), 1231(b)(3)(A) (1965),[1] and protection under the United Nations Convention Against Torture.[2] Perez-Morales seeks review on the following grounds: (1) an incomplete transcript of his removal proceeding denied him due process of law by preventing him from establishing that an extraordinary circumstance excused his delay in filing for asylum; (2) the Immigration Judge and the Board both erred in finding that he failed to qualify for withholding of removal because it is more likely than not that he will be persecuted if he returns to Guatemala; and (3) the Immigration Judge and the Board also erred in finding that he was ineligible for protection under the Convention Against Torture because it is more likely than not that he will be tortured if he returns to Guatemala. Although we are sympathetic to Perez-Morales’ plight, his arguments are unconvinc *587 ing. Accordingly, we affirm the Board’s decision.
I. Background
Perez-Morales illegally entered the United States on February 14, 1997.[3] On October 8, 2005, the Department of Homeland Security served Perez-Morales with a Notice to Appear in immigration court to contest the charge that he was removable pursuant to the Immigration and Nationality Act as an alien present in the United States who had been neither admitted nor paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). On March 1, 2007, Perez-Morales jointly filed applications for asylum, withholding of removal, and protection under the Convention Against Torture. He thereafter testified in support of his applications on March 19, 2008. The Immigration Judge denied all three. With respect to his application for asylum, the judge determined that he had failed to show either a changed or extraordinary circumstance that would excuse his delay in filing outside the one-year window. See 8 C.F.R. §§ 1208.4(a)(2), (4), (5) (2011). The judge denied on the merits his applications for withholding of removal and protection under the Convention Against Torture. On appeal, the Board affirmed the Immigration Judge’s decision. This petition followed.
II. Discussion
1. Standard of Review
Because the Board issued a separate opinion rather than summarily affirming the Immigration Judge’s decision, we review the Board’s decision as final. See Khalili v. Holder, 557 F.3d 429, 435 (6th Cir.2009). However, we also examine the Immigration Judge’s decision to the extent that the Board adopted its reasoning. See id.) Patel v. Gonzales, 470 F.3d 216, 218 (6th Cir.2006). We review questions of law de novo and any factual determinations under a substantial evidence standard. See Khalili, 557 F.3d at 435.
2. Denial of Due Process
Perez-Morales asserts that an incomplete transcript of his removal proceeding violated his due process rights by denying him meaningful appellate review. We have jurisdiction to review the Board’s findings relevant to this issue because Perez-Morales raises a constitutional claim. See Almuhtaseb v. Gonzales, 453 F.3d 743, 748 (6th Cir.2006). Specifically, he contends that a large number of “indiscernible notations” precluded him from arguing that the ineffective assistance of his prior counsel constituted an “extraordinary circumstance” justifying his considerable delay in filing for asylum. (Petitioner’s Brief at 14.) According to Perez-Morales, a complete transcript would have allowed him to meet the requirements for asserting such a claim. See Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). This conclusion misconstrues the conditions set forth in Lozada. Even if a complete transcript had aided it, his claim on appeal would nonetheless have been procedurally deficient. He did not submit to the Board an affidavit detailing his agreement with his former attorney or show that the attorney had been informed of the allegations and given an opportunity to respond. See Lazar v. Gonzales, 500 F.3d 469, 476 (6th Cir.2007).
Moreover, we agree with the conclusion of both the Immigration Judge and the Board that Perez-Morales has failed to show that omissions in the transcript prejudiced him. Due process in this context *588 requires a petitioner to establish that “a complete and accurate transcript would have changed the outcome of the case.” Garza-Moreno v. Gonzales, 489 F.3d 239, 242 (6th Cir.2007). Such was not the case here. Even conceding that Perez-Morales detrimentally relied on the advice of an attorney who told him, in 1997, that he was ineligible to apply for political asylum— and that this constituted an “extraordinary circumstance” justifying an initial postponement in filing — it cannot explain why Perez-Morales waited another ten years before making his asylum claim. We agree with the Immigration Judge and the Board that this was an unreasonably long delay. See Fang Huang v. Mukasey, 523 F.3d 640, 651 (6th Cir.2008) (affirming denial of petitioner’s asylum application and reasoning that petitioner’s eighteen-month delay in filing her asylum application was unreasonable).
3. Denial of Application for Withholding of Removal
Perez-Morales next contends that both the Immigration Judge and the Board improperly denied his application for withholding of removal. Withholding of removal is mandatory if an alien establishes that his “life or freedom will be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion.” See INS v. Stevic, 467 U.S. 407, 411, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (citing 8 U.S.C. § 1253(h)(1)). Perez-Morales asserts that gangs in Guatemala target young men for the purpose of recruiting them. He also asserts that gangs harass and perpetrate crimes against Christians and other “church going people.” (Petitioner’s Brief at 20.) Thus, Perez-Morales’ status as “a young Christian male of Guatemala,” renders him doubly vulnerable to gang violence. Id. Accepting his statements as true and his fears as legitimate, we nonetheless agree with the Immigration Judge and the Board that this social group lacks the requisite particularity and social visibility. See Al-Ghorbani v. Holder, 585 F.3d 980, 994 (6th Cir.2009). Membership in such a group would encompass a collection of individuals too amorphous and varied to share a “common, immutable characteristic.” Bonilla-Morales v. Holder, 607 F.3d 1132, 1137 (6th Cir.2010) (quoting Castellano-Chacon v. I.N.S., 341 F.3d 533, 546 (6th Cir.2003)). Moreover, the gang members who harassed Perez-Morales before he left Guatemala did so for monetary gain, not because Perez-Morales was a young male or a Christian. He has therefore failed to establish a nexus between his prior harm and any statutorily protected ground.[4] Accordingly, substantial evidence supported the denial of his application for removal.
4. Denial of Convention Against Torture Protection
Finally, Perez-Morales argues that the Immigration Judge and the Board *589 erred in finding that he is not entitled to protection under the Convention Against Torture. He believes that the Guatemalan government is corrupt and unable or unwilling to protect him and others from gang violence. Thus, according to Perez-Morales, his return to Guatemala will create a strong likelihood that gang members will torture him'as a result of governmental acquiescence. Acquiescence by a public official triggers Convention Against Torture protection if “the public official, prior to the activity constituting torture, ha[s] 'awareness of such activity and thereafter breaches] his or her legal responsibility to intervene to prevent such activity.” 8 C.F.R. § 1208.18(a)(7). In Guatemala, however, the government has taken steps to address the country’s gang problem. We agree with the Board that difficulty in curbing gang violence is hardly commensurate with tacit consent or willful blindness to that violence. The Immigration Judge and the Board appropriately denied Perez-Morales’s Convention Against Torture application.
In light of the foregoing, the decision of the Board is AFFIRMED.

. Perez-Morales' applications for asylum and withholding of removal are governed by the REAL ID Act's amendments to the Immigration and Nationality Act. See REAL ID Act of 2005, Div. B. of Pub.L. No. 109-13, 119 Stat. 231.

. See United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, U.N. Doc. A/39/51, at 197, (Dec. 10, 1984).

. Perez-Morales initially indicated that he had entered the United States on October 1, 2000, but thereafter admitted to telling the Customs and Border Agent the wrong date when he was arrested. (Petitioner’s Brief at 4.)

. Perez-Morales also asserts for the first time on petition to this court that he and the other members of his immediate family constitute a protected social group that gangs have targeted in the past and will more likely than not target in the future. While Perez-Morales and his family were the victims of harassment and theft, "random criminal act[s]” — especially in a country struggling with pervasive criminal lawlessness — are insufficient for a finding of persecution. Lumaj v. Gonzales, 462 F.3d 574, 577-78 (6th Cir.2006). Perez-Morales has not shown that gang members targeted him and his family on the basis of a protected status. More fundamentally, Perez-Morales failed to raise this claim before the Board and has thus deprived this court of jurisdiction to review it. See Ramani v. Ashcroft, 378 F.3d 554, 558 (6th Cir.2004) (reasoning that "to the extent that [petitioner] has failed to exhaust his administrative remedies, this court does not have jurisdiction to address those claims”).