NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0346n.06

Case No. 13-3881

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 30, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ANTHONY ROMANUS LUAMBANO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | OPINION |

BEFORE: MERRITT, COOK, and DONALD, Circuit Judges.

**BERNICE B. DONALD, Circuit Judge.** Anthony Romanus Luambano ("Petitioner") petitions for review of the Board of Immigration Appeals ("BIA") decision dismissing his appeal. The BIA upheld the immigration judge's ("IJ") denial of Petitioner's application for withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537, as well as his application for both withholding and deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), Apr. 18, 1988, 108 Stat. 382, 1265 U.N.T.S. 85. For the following reasons, we **DENY** the petition for review in part and **DISMISS** it in part.

I.

The present appeal marks the second time that Petitioner has sought review in this Court. *See Kiegemwe v. Holder*, 427 F. App'x 473 (6th Cir. 2011) (granting the petition for review and remanding to the BIA for further proceedings on petitioners' asylum claims). Because the facts relevant to this appeal occurred after our prior decision, however, we will not recount the earlier facts and procedural history here.

On January 11, 2012, following this Court's decision in *Kiegemwe* to remand his case to the BIA, Petitioner, a native and citizen of Tanzania, was convicted of delivering or manufacturing, or possessing with intent to deliver, between five and forty-five kilograms of marijuana in violation of Michigan Compiled Laws section 333.7401(2)(d)(ii). The parties both argued to the BIA, albeit for different reasons, that remand to the IJ was appropriate. The BIA remanded the case to the IJ on April 26, 2012.

On remand, the Department of Homeland Security charged that Petitioner's drug trafficking conviction also made him removable as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). The IJ sustained this additional charge. Because the aggravated felony conviction precluded Petitioner from seeking asylum, he applied for withholding of removal under the INA as well as withholding and deferral of removal under the CAT. The IJ denied his applications on March 4, 2013, finding that Petitioner's conviction for a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B)(ii) precluded withholding of removal under both the INA and CAT and that Petitioner failed to meet his burden of proof for deferral of removal under the CAT. Petitioner appealed to the BIA, and the BIA dismissed the appeal. Petitioner then sought review in this Court.

II.

A.

Petitioner concedes that his conviction under Michigan Compiled Laws section 333.7401(2)(d)(ii) is an aggravated felony. Consequently, 8 U.S.C. § 1252(a)(2)(C) and (D) limit this Court's jurisdiction. *Tran v. Gonzales*, 447 F.3d 937, 940 (6th Cir. 2006). Subsection (C) "precludes courts from reviewing any 'final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [convicted of an aggravated felony].'" *Id.* (alteration in original) (quoting 8 U.S.C. § 1252(a)(2)(C)). Subsection (D), however, permits us to "review . . . constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Tran*, 447 F.3d at 940. We apply de novo review to questions of law. *Sad v. INS*, 246 F.3d 811, 814 (6th Cir. 2001). Where the BIA issues a separate written opinion, we review that decision as the final agency determination except to the extent that the BIA adopted the IJ's reasoning. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

"Principles of judicial deference to an agency's construction of a statute, however, [further] limit the scope of our inquiry." *Sad*, 246 F.3d at 814. The United States Supreme Court held in *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25 (1999), that the principles derived from *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), apply to the INA. *Sad*, 246 F.3d at 814. *Chevron* deference applies "to most if not all of the statutory scheme created by congressional delegation to the Attorney General and the BIA to administer and apply the immigration laws," *id.*, including the sections at issue here. With these principles in mind, we proceed to review Petitioner's sole claim that presents a question of law.

B.

The INA provides that an alien "convicted . . . of a particularly serious crime is a danger to the community of the United States" and therefore ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii). Department of Justice regulations impose an identical bar for withholding of removal under the CAT. 8 C.F.R. § 1208.16(d)(2).

Petitioner argues that the BIA erred when it dismissed his appeal challenging the denial of his applications for withholding of removal under the INA and CAT on the ground that his Michigan drug conviction constitutes a particularly serious crime. While the INA does not define the term "particularly serious crime," 8 U.S.C. § 1231(b)(3)(B)(iv) provides:

> For purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.

Specifically, Petitioner argues that language in § 1231(b)(3)(B)(ii) and (iv) unambiguously requires an alien to receive a sentence of imprisonment, rather than probation, before the Attorney General determines that the alien's conviction is for a particularly serious crime.

The BIA adopted the IJ's determination that Petitioner's "drug conviction is presumptively a particularly serious crime" based on the Attorney General's decision in *Matter of Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002). The Attorney General designated aggravated felony convictions for drug trafficking as presumptively particularly serious based on the congressional delegation of authority found in § 1231(b)(3)(B)(iv). *Id.* at 273 ("With respect to aggravated felony convictions for which a lesser sentence has been imposed, however, Congress explicitly empowered the Attorney General to make the relevant determination."). In order for Petitioner

to succeed on his legal challenge, then, we must either agree that the language of § 1231(b)(3)(B)(ii) or (iv) unambiguously requires an alien to receive a term of imprisonment or conclude that the Attorney General's decision in *Matter of Y-L-* is based on an impermissible construction of the statute. *Chevron*, 467 U.S. at 842-43.

Petitioner raises three arguments in support of his position that the unambiguous language of § 1231(b)(3)(B)(ii) or (iv) requires an alien to receive a term of imprisonment. None of these arguments persuades us, however, because our precedential decision in *Hamama v. INS*, 78 F.3d 233 (6th Cir. 1996), forecloses them. The *Hamama* panel reasoned:

> The legislative history [of the version of § 1231(b)(3)(b)(ii) then in effect] . . . indicates that the "particularly serious crime" concept is the codification of federal treaty obligations under the Multilateral Protocol Relating to the Status of Refugees, an agreement to which the United States is a party. In fact, the phrase "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community" is the very language of Article 33 of the Protocol. Unfortunately, neither the Protocol itself nor its handbook defines "particularly serious." We consequently conclude that Congress has expressed no clear intent regarding the meaning of "particularly serious crime" . . . .

*Id.* at 239 (citations omitted). This Court thus has held that Congress expressed no clear intent on the meaning of particularly serious crime and "explicitly direct[ed] the Attorney General to determine whether an alien has been convicted of" such a crime. *Id.* We accordingly must give "controlling weight" to *Matter of Y-L-* unless the Attorney General's decision is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 844.

> An agency determination is not arbitrary and capricious unless
>
> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Novatchinski v. Holder*, 516 F. App'x 526, 529 (6th Cir. 2013) (quoting *City of Cleveland v. Ohio*, 508 F.3d 827, 838 (6th Cir. 2007)). *Matter of Y-L-* is not arbitrary and capricious under this standard. First, the Attorney General did not rely on factors that Congress did not intend him to consider because Congress explicitly delegated to the Attorney General the discretion to determine whether an alien's conviction constitutes a particularly serious crime "notwithstanding the length of sentence imposed." 8 U.S.C. § 1231(b)(3)(B)(iv); *Hamama*, 78 F.3d at 239. Second, the Attorney General considered important aspects of the problem, such as inconsistent and illogical results flowing from the BIA's "individualized, and often haphazard, assessment as to the 'seriousness' of an alien defendant's crime," *Matter of Y-L-*, 23 I. & N. Dec. at 273, "[t]he devastating effects of drug trafficking offenses on the health and general welfare, not to mention national security, of" the United States, and "the possibility of the very rare case where an alien may be able to demonstrate extraordinary and compelling circumstances that justify treating a particular drug trafficking crime" as not particularly serious. *Id.* at 276. Finally, the Attorney General offered a thorough explanation of his reasoning that is neither contrary to the evidence nor implausible. *See id.* at 273-77.

In short, *Matter of Y-L-* is exactly the sort of agency determination to which *Chevron* requires us to give controlling weight. We therefore hold that the BIA properly dismissed Petitioner's appeal of the denial of his applications for withholding of removal under the INA and CAT.

C.

Petitioner also seeks review of the BIA's dismissal of his appeal challenging the denial of his application for deferral of removal under the CAT. He argues that "evidence in the record

clearly establishes that [he is] more likely than not to face torture if removed to Tanzania." Pet'r. Br. at 8. But this claim raises a factual question, and our decisions recognize that we lack jurisdiction to consider it under 8 U.S.C. § 1252(a)(2)(C) and (D). *Tran*, 447 F.3d at 943 (citing *Hamid v. Gonzales*, 417 F.3d 642 (7th Cir. 2005)) ("Pursuant to § 1252(a)(2)(C) and (D), our review of [the petitioner's] CAT claim is limited to questions of law or constitutional issues. Therefore, our jurisdiction is limited to the legal issues [the petitioner] presents."); *see also Bushati v. Gonzales*, 214 F. App'x 556, 559 (6th Cir. 2007) ("The issue of whether substantial evidence supports the immigration judge's finding that [petitioner] did not establish that he would likely be subject to torture upon removal . . . is clearly a factual determination. As such, the claim falls outside the jurisdictional purview of this Court and must be dismissed."). We therefore dismiss this portion of the petition for review.

III.

We **DENY** the petition for review in part and **DISMISS** it in part.