**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0224n.06

No. 14-4265

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 25, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ROBERTO ALFREDO GOMEZ-CASTILLO, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, U.S. Attorney | ) APPEALS |
| General, | ) |
| | ) |
| Respondent. | ) |

BEFORE: GUY, BOGGS, and COOK, Circuit Judges.

PER CURIAM. Roberto Alfredo Gomez-Castillo, a citizen of Guatemala, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an immigration judge (IJ) that denied his application for withholding of removal and protection under the Convention Against Torture (CAT).

Gomez-Castillo was born in Guatemala in 1988. He entered the United States from Mexico without inspection in September 2008. When placed in removal proceedings, he applied for withholding of removal and protection under the CAT, claiming that he feared persecution or torture if he returned to Guatemala on the basis of his political opinion and membership in a social group, both of which he defined as those "who oppose government corruption and violence."

Gomez-Castillo testified that the mayor of his town had nearly run him down when he was walking on the sidewalk and the mayor was driving drunk. He acknowledged that he did not

know why the mayor had tried to hit him with his car, noting that he had never expressed any political opinion prior to that time. When the IJ pointed out that Gomez-Castillo had not mentioned this incident in his application for relief, Gomez-Castillo explained that he had a lot on his mind at the time he filled out the application. He also testified that about a month after that incident, at a dance, the mayor had again been drinking and apparently objected to Gomez-Castillo dancing with a woman. The mayor hit Gomez-Castillo in the head with his gun, drawing blood, and ordered him to leave. Afterwards, someone acting on the mayor's behalf offered Gomez-Castillo a bribe to keep quiet about the incident. Gomez-Castillo's testimony varied between stating that he accepted the bribe and that he refused it. He apparently filed several complaints about the incident, but no investigation followed because of the mayor's connections. Thereafter, others threatened Gomez-Castillo to induce him to leave town, and he filed complaints about these threats as well. He could not recount the number of such threats he received, at one point testifying there were as few as three, and varying up to one hundred. He admitted that, although he omitted this information from his application, he had moved to another town about a month after the dance incident and thereafter received no more threats.

The IJ found that Gomez-Castillo's testimony lacked credibility and further held that, even if his testimony were believed, he did not qualify for the relief requested. Gomez-Castillo's appeal to the BIA was dismissed by a single member of the Board on the same ground.

In his brief before this court, Gomez-Castillo raises a number of procedural questions and reasserts the merits of his claims. In a previous order, we granted Gomez-Castillo's motion to proceed in forma pauperis and denied his motion for a stay of removal.

Where there is a separate BIA decision, we review both it and any reasoning of the IJ that is adopted by the BIA. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

Gomez-Castillo first argues that we are required to assume that his testimony was credible because the BIA stated that his claims failed even if his testimony was assumed to be credible. However, the fact that the case can be resolved without addressing the issue of credibility does not require us to accept Gomez-Castillo's testimony as credible.

Next, Gomez-Castillo argues that we have jurisdiction to review the decision below to decide his appeal by a single member of the BIA, rather than by a three-judge panel. This circuit has not decided this issue. Other circuits have concluded that there is no jurisdiction to review the decision to use a single judge rather than a panel of three judges. *Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690–91 (5th Cir. 2009) (per curiam); *Kambolli v. Gonzales*, 449 F.3d 454, 461–65 (2d Cir. 2006) (per curiam). The Third Circuit, however, has concluded that there is jurisdiction to review the similar issue of whether the BIA must issue a written decision or may affirm the IJ without opinion. *Smriko v. Ashcroft*, 387 F.3d 279, 290–95 (3d Cir. 2004). In *Vasha v. Gonzales*, 410 F.3d 863, 875–76 (6th Cir. 2005), we assumed that we had jurisdiction to review the decision on panel size but did not decide the issue because we found no prejudice to the petitioner. Again, there is no reason to decide the issue in this case, because Gomez-Castillo's underlying argument that he was denied due process by the use of a single judge rather than a panel to decide his appeal is without merit.

Gomez-Castillo argues that he was denied due process because a single judge could not overturn an IJ's clearly erroneous findings of fact. But as we recently explained, if the single judge "had uncovered troublesome factual errors," he or she "would not have been required nonetheless to affirm." *Amezola-Garcia v. Lynch*, No. 15-3328, 2016 WL 1399347, at *4 (6th Cir. Apr. 11, 2016). On the contrary, 8 C.F.R. § 1003.1(e)(3) allowed the single judge to send Gomez-Castillo's case to a three-member panel for further review. The judge's decision not to do so in this case "merely reflects the fact that the BIA concluded that his claimed factual errors

did not warrant reversal." *Amezola-Garcia*, 2016 WL 1399347, at \*4. Since Gomez-Castillo has provided no basis for concluding that the outcome of his appeal would have been different if it had been decided by a three-judge panel, there is no due-process issue. *Graham v. Mukasey*, 519 F.3d 546, 549–50 (6th Cir. 2008).

In his final procedural challenge, Gomez-Castillo contends that a remand to the IJ is required in order for the IJ to decide whether Gomez-Castillo is a member of a social group under new precedent from the BIA that defines a social group as one recognized by society rather than by the alleged persecutor. A remand is unnecessary because Gomez-Castillo cannot show that his proposed social group, those "who oppose government corruption and violence," is sufficiently particular to be perceived as a group in society. *See Umaña-Ramos v. Holder*, 724 F.3d 667, 673–74 (6th Cir. 2013).

On the merits of the claims, Gomez-Castillo was required to demonstrate a clear probability of future persecution in order to qualify for withholding of removal. *Liti v. Gonzales*, 411 F.3d 631, 640–41 (6th Cir. 2005). The denial of an application for withholding will be upheld unless it is manifestly contrary to law. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006). Gomez-Castillo did not establish past persecution in this case, because random criminal acts, such as the mayor's efforts to run him over and hit him in the head with a gun, not based on any protected ground, are not persecution. *See Lumaj v. Gonzales*, 462 F.3d 574, 577–78 (6th Cir. 2006). Personal disputes are not a basis for withholding. *Zoarab v. Mukasey*, 524 F.3d 777, 781 (6th Cir. 2008). And Gomez-Castillo did not show that future persecution was probable because he admitted that the threats against him ceased when he moved to a nearby town. Therefore, there was no need for him to leave Guatemala to protect himself from being threatened.

In order to be eligible for protection under the CAT, Gomez-Castillo had to show that it is more likely than not that he will be tortured with the acquiescence of the Guatemalan government. *See Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001). This requires showing more than the government's inability to control private parties. *Id*. at 597–98. Gomez-Castillo points to no evidence in the record that compels such a finding.

Accordingly, the petition for review is **DENIED**.