NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0031n.06

No. 18-3236

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

LUCIA RAMIREZ-YOC,

    Petitioner,

v.

MATTHEW G. WHITAKER, Acting Attorney
General,

    Respondent.

)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 18, 2019
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

Before: BOGGS, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. In 2015, border-patrol officers apprehended Lucia Ramirez-Yoc, a Guatemalan national, illegally entering the United States. Ramirez-Yoc thereafter applied for asylum and withholding of removal. An immigration judge denied her application, and the Board of Immigration Appeals affirmed. This petition for review followed.

The Board affirmed the immigration judge's decision without a written opinion, so we review the immigration judge's decision directly. *See Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004). We review questions of law de novo and uphold the immigration judge's factual findings unless the evidence "not only supports a contrary conclusion, but indeed compels it." *Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 501-02 (6th Cir. 2007) (quoting *Yu v. Ashcroft*, 364 F.3d 700, 702-03 (6th Cir.2004)). To be eligible for asylum, Ramirez-Yoc must show that she is "unable or unwilling to return" to Guatemala "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group,

or political opinion[.]" 8 U.S.C. §§ 1101(a)(42)(A), 1158 (b)(1)(A). She must also show that the Guatemalan government is unable or unwilling to protect her from any such persecution. *See Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009). If Ramirez-Yoc fails to qualify for asylum, she necessarily fails to qualify for a withholding of removal too. *See Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005).

Ramirez-Yoc argues that she is part of a particular social group composed of Guatemalan women who cannot leave domestic relationships, and that she has a well-founded fear of persecution because her alcoholic father abused her for many years. Specifically, Ramirez-Yoc testified that her father routinely had beaten her with a bat and belt, and that he had beaten her mother in front of her. The immigration judge found her allegations of past abuse to be credible, but also found that Ramirez-Yoc had not shown that the Guatemalan government was unable or unwilling to protect her. The immigration judge based that finding on her testimony that she had failed to report the abuse because she feared that the police would arrest her father. Substantial evidence—indeed, Ramirez-Yoc's own testimony—supported that finding, which defeats her claim for asylum or withholding of removal. *See Khalili*, 557 F.3d at 435-36.

Ramirez-Yoc responds that other evidence undercuts that finding. In particular, when she was asked why she had failed to report her rape by another man years earlier, Ramirez-Yoc testified that "they threaten people"—without elaborating on whether the threat came from criminals or the police. But that ambiguous statement does not "compel[]" a finding that police were unwilling to protect her. *See Lumaj v. Gonzales*, 462 F.3d 574, 577 (6th Cir. 2006) (citation omitted). Nor does evidence of a "machismo" culture in Guatemala or her own testimony that the police station was far away. In sum, a "reasonable adjudicator" could agree with the immigration

judge that Ramirez-Yoc had not shown that the Guatemalan authorities were unwilling or unable to help her. *See Khalili*, 557 F.3d at 436. We therefore have no lawful basis to grant relief.

The petition for review is denied.