RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0111p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

AMIR FRANCIS SHABO,

        *Petitioner*,

    *v.*

JEFFERSON B. SESSIONS, III, Attorney General,

        *Respondent*.

No. 17-3881

---

On Petition for Review from the Board of Immigration Appeals;
No. A 026 808 024

Decided and Filed: June 11, 2018

Before: MOORE, THAPAR, and BUSH, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Barry N. Schlussel, Huntington Woods, Michigan, for Petitioner. Andrea N. Gevas, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. David B. Thronson, MICHIGAN STATE UNIVERSITY, East Lansing, Michigan, for Amicus Curiae.

---

## OPINION

---

JOHN K. BUSH, Circuit Judge. Amir Francis Shabo seeks to reopen his 1998 Board of Immigration Appeals ("BIA") proceeding that ordered his removal to Iraq. He wants that removal withheld and seeks relief under the Convention Against Torture. He alleges that, as a Chaldean Christian, he faces likely torture in Iraq.

Because of Shabo's prior criminal conviction and the operation of 8 U.S.C. § 1252(a)(2)(C) and (D), we lack jurisdiction to review the factual questions in his petition. Even if we were to agree with Shabo's position on the reviewable question of law he presents—whether the changed-country-condition exception applies—we would lack jurisdiction to review the factual issue of whether Shabo established a prima facie case for relief. Therefore, under 8 U.S.C. § 1252(a)(2)(C) and the Article III doctrine of mootness, we dismiss his petition as unreviewable.

**I**

Shabo immigrated to the United States from Iraq in 1985. In 1992, at the age of twenty-five, he was convicted of an aggravated felony: possession with the intent to deliver 50 to 225 grams of cocaine. He was sentenced to 60 to 240 months of imprisonment. After 60 months he was paroled to immigration authorities, and an immigration judge ordered his removal to Iraq based on his being convicted of an aggravated felony and of a crime relating to a controlled substance. The BIA denied his appeal. But because the Iraqi government was not then issuing travel papers, Shabo remained in the United States. He has been here ever since.

Iraq began issuing travel papers last year. Shabo anticipated that he would soon be detained, so he moved to reopen his 1998 BIA proceedings to seek protection under the Convention Against Torture. He anticipated correctly and has since been detained. Critically, he concedes that he is deportable under what is now 8 U.S.C. § 1227(a)(2)(A)(iii) and (B)(i). He argues for an exception to the ninety-day time limit on moving to reopen his case, which has long since passed, contending that the circumstances in Iraq have changed considerably since 1997, when the immigration judge originally ordered his removal.

After examining Shabo's motion, the BIA held that it was untimely and that the changed-country-conditions exception does not apply to applications under the Convention Against Torture. In the alternative the BIA held that, even if the exception did apply, Shabo had not presented sufficient evidence that he was "more likely than not" to be subject to torture in Iraq

with the government's acquiescence.  The BIA also declined to reopen his case sua sponte. Shabo petitions us for review of the BIA's opinion.[1]

## II

Our limited jurisdiction over removal orders decides Shabo's petition. 8 U.S.C. § 1252(a)(2)(C) states that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) . . . ." 8 U.S.C. § 1252(a)(2)(C).  Subsection (D) of this same statute articulates an exception: "Nothing in subparagraph [(C)] . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  *Id.* § 1252(a)(2)(D).  In other words, if an alien is removable by reason of having committed a crime covered by § 1252(a)(2)(C), we may review his "claims only insofar as they raise constitutional issues or questions of law." *Ventura-Reyes v. Lynch*, 797 F.3d 348, 356 (6th Cir. 2015).  Questions of law include, for example, "whether the BIA used the correct standard in reviewing the IJ's decision and whether it assigned him the correct burden of proof." *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006).  "The same is true for matters involving the BIA's construction of a particular statute." *Arestov v. Holder*, 489 F. App'x 911, 916 (6th Cir. 2012) (citing *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006)).  But "whether the BIA correctly considered, interpreted, and weighed the evidence presented" is not a constitutional issue or question of law. *Arestov*, 489 F. App'x at 916 (quoting *Tran*, 447 F.3d at 943).  Such a question is instead factual.  Factual errors can qualify as legal errors when "important facts have been *totally overlooked* and others have been *seriously mischaracterized*." *Ventura-Reyes*, 797 F.3d at 360.  If a criminal alien like Shabo does raise a question of law or a constitutional issue, we review that claim de novo. *Id.* at 358.

The BIA made a final determination not to reopen Shabo's case to allow him to present an application under the Convention Against Torture.  To have his case reopened, Shabo first needed to show an exception to the time limit on filing motions to reopen—in this case, the

---

[1]Shabo does not challenge the BIA's declining to reopen his case sua sponte.

changed-country-conditions exception—and then, second, he needed to establish a prima facie case for relief.  The BIA held that Shabo's motion was untimely and that the changed-country-conditions exception does not apply to applications under the Convention Against Torture.  The BIA also held in the alternative that, even if the exception did apply, Shabo had not presented sufficient evidence to establish a prima facie case that he was "more likely than not" to be subject to torture in Iraq by the government or at least with the government's acquiescence.

Shabo is removable by reason of his committing a crime covered by § 1252(a)(2)(C).  So we may review his "claims only insofar as they raise constitutional issues or questions of law."  *Id.* at 356.  The application of the changed-country-conditions exception is potentially a question of law that we could review.  But the BIA's alternative holding that Shabo failed to establish a prima facie case of his likely torture is a factual determination that we lack jurisdiction to review.  This renders the changed-country-conditions-exception issue moot.  So we are bound by statute to decline to review Shabo's petition.  A review of our precedent supports our conclusion here.

In *Pepaj v. Mukasey*, a petitioner sought our review of a BIA order dismissing her appeal of an immigration judge's order denying her motion to reopen.  *Pepaj v. Mukasey*, 509 F.3d 725, 726–28 (6th Cir. 2008).  The petitioner asserted that she was "eligible for withholding under [the Convention Against Torture]" because of a change in circumstances.  *Id.* at 727.  The BIA dismissed her appeal, finding that she had not met the changed-country-conditions exception to move to reopen her case more than ninety days after the final decision.  *Id.*  We held that, under § 1252, we lacked jurisdiction to review the BIA's determination because the petitioner had "raised only a question of fact regarding her claim of changed country conditions."  *Id.* at 728 (citing *Almuhtaseb*, 453 F.3d at 747).  Similarly, in *Arestov*, we cited *Pepaj* to hold again that § 1252 withdrew our jurisdiction to review the BIA's denying a petitioner's motion to reopen because the petitioner's claims regarding changed country conditions involved a factual determination.  *Arestov*, 489 F. App'x at 919–20.[2]

---

[2]In an order from January of this year, we addressed an appeal by an Iraqi petitioner who, like Shabo, had been convicted of a criminal offense covered by 8 U.S.C. § 1252(a)(2)(C) and whose motion to reopen had been denied by the BIA.  We held that we lacked jurisdiction to review whether the petitioner had established a prima

As an initial matter, *Pepaj* and *Arestov* demonstrate that we treat denials of motions to reopen as "final orders of removal" when evaluating our own jurisdiction. *See also Giova v. Rosenberg*, 379 U.S. 18 (1964) (reversing the Ninth Circuit's decision that it lacked jurisdiction to review a denial of a motion to reopen and remanding with instructions to review the petition); *Jahjaga v. Attorney Gen. of U.S.*, 512 F.3d 80, 82 (3d Cir. 2008) ("The denial of a motion to reopen is itself a final order of removal."); *Mayard v. INS*, 129 F.3d 438, 439 (8th Cir. 1997) (explaining that the denial of a motion to reopen qualifies as a "final order of exclusion or deportation"). Unlike in *Pepaj* and *Arestov*, however, Shabo's claim for relief does not turn on the factual issue of whether conditions in his country of removal have changed. But his claim does turn on the factual issue of whether he has shown a probability of future torture. *Chege v. Lynch,* 636 F. App'x 682, 685 (6th Cir. 2016) ("Whether an applicant for withholding of removal under the Convention has shown a probability of future torture is a factual determination."); *Bushati v. Gonzales*, 214 F. App'x 556, 559 (6th Cir. 2007) ("The issue of whether substantial evidence supports the immigration judge's finding that [Petitioner] did not establish that he would likely be subject to torture . . . is clearly a factual determination."). In other words, we are being asked to determine whether the BIA "correctly considered, interpreted, and weighed the evidence presented" by Shabo of his likelihood of torture. *See Arestov*, 489 F. App'x at 916 (quoting *Tran*, 447 F.3d at 943). So this is a factual question. And in light of our application of § 1252 to motions to reopen in *Pepaj* and *Arestov*, we are bound to conclude that we lack jurisdiction to review whether Shabo established a prima facie case for relief under the Convention Against Torture. *See Pepaj*, 509 F.3d at 728 (citing *Almuhtaseb*, 453 F.3d at 747–48); *Arestov*, 489 F. App'x at 919–20.

Our inability to review the BIA's determination regarding Shabo's eligibility for relief under the Convention Against Torture renders the changed-country-conditions-exception issue moot; regardless of our conclusion as to the first question, the result in this matter is the same. *See generally Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–41 (1937) (discussing cases and controversies); *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*,

facie case for relief under the Convention Against Torture because the petitioner's arguments "concern the weight the BIA gave to his evidence, not the standard applied by the BIA." *Al-Sarih v. Sessions*, No. 17-3996, at 2 (6th Cir. Jan. 31, 2018) (order).

119 F.3d 453, 458 (6th Cir. 1997) (en banc) (discussing mootness); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3533 (3d ed. 2008) ("The central question [of mootness] nonetheless is constant—whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties."). That is, even if we were to hold that the BIA erred at step one when it concluded that the changed-country-conditions exception does not apply to applications under the Convention Against Torture, we would still lack jurisdiction to review the BIA's case-dispositive determination at step two that Shabo failed to establish a prima facie case for relief. We must therefore decline to review the question whether the BIA's changed-country-conditions determination was erroneous.[3]

## III

In light of the foregoing, we must deny Shabo's petition for review. We lack jurisdiction to review the factual question of whether Shabo established a prima facie case for relief under the Convention Against Torture. Because his entire petition depends on that claim, we must **DISMISS** his petition as unreviewable.

---

[3]One potential legal issue arguably remains. Shabo does cursorily allege that the BIA's *1998* decision affirming the immigration judge's ordering his removal denied him due process. But Shabo never petitioned for review of that decision. Instead, Shabo now petitions us for review of the BIA's *2017* decision denying his motion to reopen. So our review is limited to that decision. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (explaining that the time limit on an alien's petitioning for review is "mandatory and jurisdictional").