**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0205n.06

No. 18-3613

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 24, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LUIS VICTOR GALVAN-SALDANA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

BEFORE: BOGGS, BATCHELDER, and BUSH, Circuit Judges.

PER CURIAM. Luis Victor Galvan-Saldana, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from the denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and for withholding of removal and deferral of removal under the Convention Against Torture (CAT). As set forth below, we dismiss in part and deny in part Galvan-Saldana's petition for review.

Galvan-Saldana came to the United States in 1959, when he was five years old, and became a lawful permanent resident in 1972. In 2017, Galvan-Saldana pled guilty in the Cuyahoga County Court of Common Pleas to three counts of gross sexual imposition, in violation of Ohio Revised Code § 2907.05(A)(4). Galvan-Saldana allegedly touched his nine-year-old daughter's vagina on multiple occasions. The Department of Homeland Security subsequently served Galvan-Saldana with a notice to appear in removal proceedings, charging him with removability under the INA

based on his convictions for (1) two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct and (2) aggravated felony offenses. *See* 8 U.S.C. § 1227(a)(2)(A)(ii)–(iii). Appearing before an immigration judge (IJ), Galvan-Saldana admitted the factual allegations set forth in the notice to appear and conceded removability as charged.

Galvan-Saldana then filed an application for asylum and withholding of removal under the INA and for withholding of removal and deferral of removal under the CAT. Galvan-Saldana claimed that he fears harm from the cartels in Mexico, asserting that the cartels will assume that he has money to pay a large ransom because he grew up in the United States and that he will be identified as an outsider and targeted because he cannot speak Spanish. At the merits hearing before the IJ, Galvan-Saldana and his expert witness testified in support of his feared harm from the cartels.

After the hearing, the IJ denied Galvan-Saldana's application and ordered his removal to Mexico. The IJ concluded that Galvan-Saldana was ineligible for asylum because he had been convicted of an aggravated felony, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i), and that he was ineligible for withholding of removal under the INA and CAT because his convictions for gross sexual imposition constituted particularly serious crimes, *see* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). Even if eligible for relief, the IJ determined, Galvan-Saldana had failed to establish that he would be targeted for harm on account of any reason other than being perceived as having access to money, which the IJ found did not constitute membership in a particular social group cognizable under the INA. The IJ also found that Galvan-Saldana was not a credible witness. Finally, the IJ concluded that Galvan-Saldana had failed to establish a claim for CAT deferral of removal because he had failed to show that Mexico turned a "blind eye" to torture or that he will more likely than not be tortured if removed to Mexico.

Galvan-Saldana filed an appeal, which the BIA dismissed. The BIA agreed with the IJ that Galvan-Saldana's convictions rendered him statutorily ineligible for asylum and withholding of removal. The BIA further found that, even if Galvan-Saldana were eligible, he had failed to establish that he was a member of a protected social group or, even if he was, that the IJ had clearly erred in determining that he had not shown he would more likely than not be persecuted in Mexico. The BIA declined to address the IJ's adverse credibility finding.

Having determined that Galvan-Saldana was statutorily ineligible for withholding of removal under either the INA or the CAT, the BIA addressed whether Galvan-Saldana might be entitled to deferral of removal under the CAT. Discerning no clear error in the IJ's factual finding that Galvan-Saldana had failed to show he would more likely than not be tortured in Mexico, the BIA affirmed the IJ's denial of Galvan-Saldana's application for deferral of removal.

This timely petition for review followed. Galvan-Saldana asserts that the agency erred in denying his application for asylum, withholding of removal, and CAT deferral of removal. He argues that (1) he established fear of harm based on his membership in a particular social group, (2) he was credible, and (3) he was entitled to relief from removal.

The government contends that we lack jurisdiction to review Galvan-Saldana's petition. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 strips courts of

> jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . of this title [an aggravated felony], or any offense covered by section 1227(a)(2)(A)(ii) of this title [two or more crimes involving moral turpitude] for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title [a crime involving moral turpitude for which a sentence of one year or longer may be imposed].

8 U.S.C. § 1252(a)(2)(C). Galvan-Saldana conceded that he was subject to removal under § 1227(a)(2)(A)(ii) and (iii). Also, Galvan-Saldana's convictions for gross sexual imposition, in

violation of Ohio Revised Code § 2907.05(A)(4), constituted third-degree felonies with potential prison terms of at least one year. *See* Ohio Rev. Code §§ 2907.05(C)(2), 2929.14(A)(3)(a). Therefore, those convictions are "otherwise covered by" § 1227(a)(2)(A)(i) and trigger the jurisdictional bar of § 1252(a)(2)(C).

Notwithstanding this jurisdictional bar, we retain jurisdiction to "review constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). This exception permits "judicial review over those issues that were historically reviewable on habeas— *constitutional and statutory-construction questions, not discretionary or factual questions.*" *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 153 (2d Cir. 2006)). "'[W]hether the BIA correctly considered, interpreted, and weighed the evidence presented' is not a constitutional issue or question of law. Such a question is instead factual." *Shabo v. Sessions*, 892 F.3d 237, 239 (6th Cir. 2018) (internal citation omitted) (quoting *Arestov v. Holder*, 489 F. App'x 911, 916 (6th Cir. 2012)), *petition for cert. filed sub nom. Shabo v. Barr*, 87 U.S.L.W. 3295 (U.S. Dec. 28, 2018) (No. 18-827).

Therefore, to the extent Galvan-Saldana argues that the BIA erred in upholding the IJ's determination that he had failed to demonstrate that he would more likely than not be persecuted or tortured in Mexico, he challenges "a factual determination that we lack jurisdiction to review." *Id.* at 240. Moreover, even if we had jurisdiction over Galvan-Saldana's challenge to the IJ's adverse credibility finding—another factual determination—his argument is misplaced because the BIA declined to address that finding. *See Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) ("Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." (citation omitted)).

Galvan-Saldana also argues that he established fear of harm based on his membership in a particular social group, as relevant to his claims for asylum and withholding of removal under the INA. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). The BIA determined in part that Galvan-Saldana's proposed particular social group was not cognizable under the INA. "[W]hether a particular social group is cognizable under the INA is a question of law . . . ." *Sanchez-Robles v. Lynch*, 808 F.3d 688, 691 (6th Cir. 2015) (citations omitted). But we need not reach this legal issue because the BIA determined that Galvan-Saldana's convictions rendered him statutorily ineligible for asylum and for withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i), 1231(b)(3)(B)(ii). Galvan-Saldana fails to address this dispositive determination in his brief in support of his petition for review, thereby forfeiting any challenge to the denial of his application for asylum and for withholding of removal. *See Amezola-Garcia v. Lynch*, 846 F.3d 135, 139 n.1 (6th Cir. 2016); *Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

For these reasons, we **DISMISS** Galvan-Saldana's petition for review insofar as it challenges the BIA's factual determinations and **DENY** the petition insofar as it challenges the BIA's determination that Galvan-Saldana's proposed particular social group is not cognizable.