NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0295n.06

Case No. 18-3961

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 10, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ABBAS AL-MURSHIDY, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| WILLIAM P. BARR, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | OPINION |
| | ) | |

**BEFORE: GILMAN, STRANCH, and NALBANDIAN, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Abbas Al-Murshidy seeks review of a decision by the Board of Immigration Appeals (BIA) that affirmed an Immigration Judge's (IJ's) denial of Al-Murshidy's application for deferral of removal under the United Nations Convention Against Torture (CAT). For the reasons set forth below, we **DENY** Al-Murshidy's petition for review.

## I. BACKGROUND

### A. Factual background

Al-Murshidy's family fled Iraq prior to his birth because his father helped the United States during the first Gulf War against Saddam Hussein. He was born in a refugee camp in Saudi Arabia and was admitted to the United States as a refugee in 1994 when he was less than a year old. Al-Murshidy became a lawful permanent resident in 1996. He has never been to Iraq, nor does he

have any family there. Al-Murshidy fears being deported to Iraq because he is westernized due to his time in the United States, does not speak Arabic well, and might be associated with his father's work against Saddam Hussein.

## B.    Procedural background

In 2011, Al-Murshidy was convicted on (1) three counts of assault with intent to cause great bodily harm, in violation of Mich. Comp. Laws § 750.84(1)(a); (2) one count of discharging a firearm at a dwelling or occupied structure, in violation of Mich. Comp. Laws § 750.234b; (3) one count of possession of a firearm while committing a felony, in violation of Mich. Comp. Laws § 750.227b; and (4) one count of malicious destruction of personal property, in violation of Mich. Comp. Laws § 750.377a(1)(c)(i). The Department of Homeland Security (DHS) initiated removal proceedings based on Al-Murshidy's status as (1) an alien convicted of an aggravated felony (a "crime of violence"), under 8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii); (2) an alien convicted under a law involving a firearm or destructive device, under 8 U.S.C. § 1227(a)(2)(C); and (3) an alien convicted of two or more crimes involving moral turpitude, under 8 U.S.C. § 1227(a)(2)(A)(ii).

Al-Murshidy applied for withholding of removal under the Immigration and Nationality Act (INA) and deferral of removal under the CAT. After a hearing in 2013, the IJ concluded that Al-Murshidy was not eligible for withholding of removal because he had committed a "particularly serious crime," *see* 8 U.S.C. § 1231(b)(3)(B)(ii), and that Al-Murshidy failed to meet his burden of proving eligibility for deferral of removal.

Four years later, Al-Murshidy submitted a motion to reopen the removal proceedings based on changed country conditions in Iraq. The IJ granted his motion, concluding that Al-Murshidy was entitled to an evidentiary hearing because he established prima facie eligibility for deferral of

removal under the CAT. Al-Murshidy then filed a new application for deferral of removal. The IJ held two hearings, during which Al-Murshidy testified that he would likely be harmed in Iraq due to anti-American sentiment and his father's actions during the first Gulf War.

After the hearings, the IJ denied Al-Murshidy's application for deferral of removal. According to the IJ's decision, "it is purely speculative whether anyone in Iraq remembers [Al-Murshidy's] father's actions during the first Gulf War." Al-Murshidy's sister, moreover, testified that she safely spent eight months in Iraq without experiencing any anti-American sentiment. And the militias that Al-Murshidy fears are mostly comprised of Shiites like himself who are primarily concerned with eradicating Da'esh (also known as the Islamic State of Iraq and Syria, or ISIS).

In sum, the IJ found that Al-Murshidy's "fear of returning to Iraq is predominately based on his length of residence in the United States and his lack of familiarity with Iraqi culture." The IJ also concluded that, although "Iraq is a dangerous place, [Al-Murshidy] cannot meet his burden by providing evidence of violence that affects the general population." As a result, the IJ found that Al-Murshidy failed to satisfy his burden of showing that "there is a more likely than not chance that the Iraqi government would acquiesce to *his* torture." (Emphasis in original.) Al-Murshidy appealed to the BIA, which concluded that the IJ's findings were supported by the record. The BIA therefore dismissed his appeal.

## II. ANALYSIS

Under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. §§] 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D)." When a noncitizen is removable by reason of having committed a crime covered by § 1252(a)(2)(C), the INA therefore allows us to review "claims only insofar as they raise constitutional issues or questions of law."

*Ventura-Reyes v. Lynch*, 797 F.3d 348, 356 (6th Cir. 2015); *see also* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph [(C)] . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."). Factual errors qualify as legal errors only when "important facts 'have been *totally overlooked* and others have been *seriously mischaracterized*.'" *Ventura-Reyes*, 797 F.3d at 360 (emphasis in original) (quoting *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009)). We review questions of law and constitutional issues de novo. *Shabo v. Sessions*, 892 F.3d 237, 240 (6th Cir. 2018).

In the present case, the DHS found that Al-Murshidy was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony; under § 1227(a)(2)(A)(ii) for having been convicted of two or more crimes involving moral turpitude; and under § 1227(a)(2)(C) for having been convicted of a crime involving a firearm or destructive device. Al-Murshidy did not challenge his removability before the IJ or the BIA, nor does he challenge his removability before this court. Our review of Al-Murshidy's petition is therefore limited to questions of law or constitutional issues regarding deferral of removal pursuant to the CAT.

Al-Murshidy's brief describes the current conditions in Iraq in support of his argument that he would be unable to return without facing the possibility of being tortured by government actors. He describes, among other things, the rise of ISIS, the culture of torture pervading Iraq, and rising anti-American sentiment. Al-Murshidy contends that, due to these conditions, he met his burden of proving eligibility for relief under the CAT. But Al-Murshidy's disagreement with the IJ's factual conclusions does not amount to a question of law or a constitutional issue. *See Shabo*, 892 F.3d at 239 ("'[W]hether the BIA correctly considered, interpreted, and weighed the evidence presented' is not a constitutional issue or question of law." (quoting *Arestov v. Holder*, 489 F.

App'x 911, 916 (6th Cir. 2012))). Nor does Al-Murshidy point to any specific fact that either the IJ or the BIA "totally overlooked" or "seriously mischaracterized." *See Ventura-Reyes*, 797 F.3d at 360. Because Al-Murshidy does not raise any question of law or constitutional issue on appeal, this court lacks jurisdiction to consider his claims.

### III.  CONCLUSION

For all of the reasons set forth above, we **DENY** Al-Murshidy's petition for review.