**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0379n.06

Case No. 18-3877

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LAITH FRANCIS, | ) | **FILED** |
| Petitioner, | ) | Jul 25, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| WILLIAM P. BARR, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |

BEFORE: BATCHELDER, GRIFFIN, and DONALD; Circuit Judges.

DONALD, J., delivered the opinion of the court in which GRIFFIN, J., joined, and BATCHELDER, J., joined in the result.

**BERNICE BOUIE DONALD, Circuit Judge.** Petitioner Laith Francis ("Francis"), a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's denial of Francis' application for deferral of removal under the Convention Against Torture ("CAT"). In support of his petition, Francis contends that he is entitled to Deferral of Removal because if he were repatriated to Iraq, he would be targeted as a Chaldean Christian who had been "Americanized". For the foregoing reasons, we **DISMISS part and DENY in part**.

## I.    Background

Francis entered the United States on February 27, 1974, at the age of eleven with his father and three siblings as a conditional refugee under former 8 U.S.C. § 1153(a)(7). **AR 573-74.** When

he arrived, Francis received permanent resident status but never gained full citizenship. In 1992, Immigration and Naturalization Service ("INS") filed and served Francis an Order to Show Cause, charging him as deportable under former 8 U.S.C. § 1251(a)(2)(B)(i),[1] as an alien who, after entry, was convicted of a controlled substance violation, and under former 8 U.S.C. § 1251(a)(2)(A)(iii),[2] as an alien convicted of an aggravated felony. **AR 2711-13**. In his ensuing proceedings before an Immigration Judge, Francis admitted the factual allegations lodged against him and conceded both charges of deportability. After several proceedings in which Francis sought waiver of deportability under INA § 212(c) and CAT protection, Francis conceded he was not eligible for § 212(c) relief, was denied CAT protection on August 21, 2003 and ordered removed to Iraq. **AR 2138-43.** Francis did not appeal this decision. **AR 2080**. Despite his ordered removal, Francis was not deported and has continued to live in the United States.

In 2017, Francis filed a motion to reopen his case based on changed country conditions in Iraq, which the Immigration Judge granted. **AR 2076-88**. Francis subsequently filed an application for protection under CAT and an application for an INA § 212(c) discretionary waiver with the Immigration Judge. In support of their positions on the matter, both Francis and Department of Homeland Security ("DHS") proffered documentary evidence, including declarations from individuals attesting to conditions in Iraq. DHS offered the declarations of Michael Rubin and Douglas Ollivant, while Francis offered the declarations of Mark Lattimer, Daniel Smith, Rebecca Heller, and Nina Shea. After an individual merits hearing, the Immigration Judge denied both applications in a written decision on February 23, 2018. **AR 61-62**. As to the § 212(c) application, the Immigration Judge concluded that, though Francis is statutorily eligible

---

[1] Recodified as 8 U.S.C. § 1227(a)(2)(B)(i).

[2] Recodified as 8 U.S.C. § 1227(a)(2)(A)(iii).

for a § 212(c) waiver, he did not demonstrate that he merits a favorable exercise of the court's discretion. **AR 62**. As to protection under CAT, the Immigration Judge concluded that, based on the totality of the evidence, Francis had not met his burden to establish that it is more likely than not he will be tortured by or with the acquiescence of the Iraqi government if deported to Iraq. **AR 62**. In concluding such, the Immigration considered the declarations of each of the witnesses proffered. The Immigration Judge qualified each DHS witness as well as Francis' witness Mark Lattimer as experts. However, because Francis did not proffer curriculum vitaes ("CVs") for Daniel Smith or Rebecca Heller, the Immigration Judge did not qualify either as a witness, but instead reviewed the testimony of each as the declarations of fact witnesses. Nina Shea was also considered as a fact witness. After reviewing the testimony of each witness, the Immigration Judge found the declarations of DHS's witnesses more convincing than that of Mark Lattimer and that those declarations were more persuasive than the declarations of the fact witnesses. **AR 62**. Francis appealed the Immigration Judge's denial of his request for deferral of removal under CAT and the BIA affirmed in a written opinion on August 20, 2018.[3] **AR 2-3**.

Francis now petitions this Court pursuant to 8 U.S.C. § 1252(a)(1) and (a)(2)(C)-(D). **Petitioner's Brief at 2.** Under § 1252(a)(2)(C) and (D), this Court's jurisdiction is limited. *Tran*

---

[3] Francis' brief before this Court consistently refers to "Withholding of Removal." CAT "[p]rotection ... will be granted either in the form of withholding of removal or in the form of deferral of removal." 8 C.F.R. § 1208.16(c)(4). "Ordinarily, an alien entitled to CAT protection receives relief in the form of withholding of removal." *Ventura-Reyes v. Lynch*, 797 F.3d 348, 362 (6th Cir. 2015). But an alien will instead receive deferral of removal when: (1) the alien "has been ordered removed; [(2)] has been found under § 1208.16(c)(3) to be entitled to protection under the Convention Against Torture; and [(3)] is subject to the provisions for mandatory denial of withholding of removal under § 1208.16(d)(2) or (d)(3)." *Id.* (quoting 8 C.F.R. § 1208.17(a)). "Deferral of removal offers temporary relief, in that it may be terminated under specific circumstances by an IJ, by the Attorney General, or by the alien himself." *Id.* (citing 8 C.F.R. § 1208.17(d)-(f)). To satisfy the requirements under CAT (in the form of either withholding of removal or of deferral of removal), an applicant must establish that it is more likely than not that he would be tortured if returned to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); *Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006). Though Francis seems to argue in favor of Withholding of Removal, the Immigration Judge, in granting reopening of Francis' case, found that he was ineligible for Withholding of Removal because his convictions were "particularly serious crimes." **AR 2084-85**. Francis did not challenge this determination, nor has he set forth any arguments to support a finding that his crimes were not "particularly serious." Because the standard for withholding of removal and deferral of removal are the same, we construe Francis' arguments to be in favor of deferral of removal.

*v. Gonzales*, 447 F.3d 937, 940 (6th Cir. 2006). Subsection (C) "precludes courts from reviewing any 'final order of removal against an alien who is removable by reason of having committed a [controlled substance offense].'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(C)). Subsection (D), however, permits us to "review . . . constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Tran*, 447 F.3d at 940. We apply *de novo* review to questions of law. *Sad v. INS*, 246 F.3d 811, 814 (6th Cir. 2001). Where the BIA issues a separate written opinion, we review that decision as the final agency determination. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To the extent that the BIA adopted the Immigration Judge's reasoning, we also review the Immigration Judge's decision. *Id.* Here, although the BIA did not summarily adopt the Immigration Judge's decision, it paraphrased the Immigration Judge's findings and expressly concurred with his decision. Therefore, we review the decision of the Immigration Judge while considering any additional analysis by the BIA.

On appeal, Francis sets forth the following arguments: (1) his status as a Christian alone entitles him to deferral of removal pursuant to *Yousif v. Lynch*, 796 F.3d 622 (6th Cir. 2015); (2) the BIA committed legal error by reaching a conclusion regarding country conditions that is inconsistent with other recent BIA decisions; (3) the BIA erred by failing to treat the most recent U.S. State Department reports on Iraq as highly probative; (4) the BIA erred as a matter of law in concluding that the risk of torture does not meet the requirements for deferral of removal; and (5) the BIA violated his due process rights by not considering Rebecca Heller and Daniel Smith expert witnesses.[4]

---

[4] Francis additionally notes that he is raising a due process claim based on ineffective assistance of counsel; however, Francis does not include this in his statement of the issues nor does he develop this argument in his brief. Accordingly, we deem this argument forfeited. *See* Fed. R. App. P. 28(a)(5), (8) (an appellant's brief "must contain ... a statement of the issues presented for review" and an argument containing the "appellant's contentions and the reasons for them").

## II.  Analysis

We must first consider what type of analysis each claim requires; only if our analysis would require the resolution of a legal or constitutional question will the individual claim be subject to review.  *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011).  Questions of law include matters of statutory construction and whether the BIA applied the correct legal standards or rules of decision.  *See id.* at 517.  In contrast, whether the BIA correctly interpreted and weighed the evidence presented is a factual question that is not subject to review.  *See id.* at 518 (explaining that "this court lacks jurisdiction over claims that can be evaluated only by engaging in head-to-head comparisons between the facts of the petitioner's case and those of precedential decisions"); *see also Magasouba v. Mukasey*, 543 F.3d 13, 16 (1st Cir. 2008) (concluding that consideration of "fact-based challenges to the withholding and CAT rulings," such as "the immigration judge's credibility assessments, evidentiary rulings, and other factual determinations" are beyond the court's limited jurisdiction under § 1252(a)(2)(C)).

Francis' first, second, third and fourth arguments pertain to whether the BIA and Immigration Judge correctly determined the current country conditions of Iraq as they related to Chaldean Christians.  Because the question of country conditions is a predominately factual determination and because Francis' "'claim relies on contesting these sorts of factual determinations rather than on statutory construction or a constitutional claim, we are without jurisdiction to review the BIA's determination denying [him deferral of removal].'"  *Pepaj v. Mukasey*, 509 F.3d 725, 728 (6th Cir. 2007) (quoting *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006)).  Francis' argument that *Yousif* is controlling does not create a question of law because by nature, the question of the current country conditions requires the fact finder to review the conditions at the time the claim is brought; accordingly, the essence of this argument is factual.

*See Almuhtaseb*, 453 F.3d at 748 ("'[T]he existence of 'changed circumstances' that materially affect eligibility for [deferral of withholding] is a predominately factual determination, which will invariably turn on the facts of a given case.'" (quoting *Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir. 2005)). Francis' argument that the BIA erred by not finding in a manner consistent to other BIA cases does not create a question of law because this argument requires the Court to second guess the Immigration Judge's findings of fact, which falls outside our jurisdiction.[5] *See Ettienne*, 659 F.3d at 517. Francis' argument that the BIA erred by failing to treat the most recent U.S. State Department reports on Iraq as highly probative does not create a question of law because it asks this Court to review how the Immigration Judge weighed the report. *See Ramaj v. Gonzales*, 466 F.3d 520, 531 (6th Cir. 2016) ("Although this court has on several occasions acknowledged that reports issued by the U.S. Department of State may be problematic sources on which to rely, we have also adopted the view that such reports are nonetheless the best source of information on conditions in foreign nations." (internal quotes and citations omitted)). Finally, Francis' argument that the BIA erred as a matter of law in concluding that the risk of

---

[5] Francis argues that the BIA's failure to reach the same conclusion regarding the country conditions goes against the BIA's "fundamental principle of justice that 'similarly situated individuals be treated similarly.'" *Zhang v. Gonzales*, 452 F.3d 167, 173 (2d Cir. 2006) (quoting *Njuguna v. Ashcroft*, 374 F.3d 765, 771 n.4 (9th Cir. 2004)). In support, Francis attached to his brief several recent BIA decisions in which the BIA remanded to the Immigration Judge for further fact finding and analysis regarding country conditions in Iraq where, like here, the Immigration Judge had declined to certify the petitioner's witnesses as experts and had failed to consider the most recent State Department country report. Indeed, the BIA's inconsistent conclusions regarding whether it is safe for Chaldean Christians to return to Iraq appear to be puzzling. However, because of the jurisdictional bar in § 1252(a)(2)(C), we do not have jurisdiction to review the BIA's decision because determinations of country conditions are questions of fact, not of law. *See Shabo v. Sessions*, 892 F.3d 237, 241 (6th Cir. 2018).

Under other circumstances, the country condition determination might be reviewable, despite the jurisdictional bar. As this Court has explained, "[w]hile we caution that challenges to fact-finding may be disguised as questions of law in order to evade the jurisdictional bar we face here, we acknowledge that some courts have held that certain factual errors can be sufficiently severe to actually constitute reviewable errors of law." *Ventura-Reyes v. Lynch*, 797 F.3d 348, 360 (6th Cir. 2015) (citing *Navarro v. Holder*, 505 F. App'x. 441, 445 (6th Cir. 2012) ((citing *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (holding, in the context of a discretionary denial of cancellation of removal premised on a hardship waiver and that is subject to a virtually identical jurisdictional bar, that where important facts "have been totally overlooked and others have been seriously mischaracterized, we conclude that an error of law has occurred.") (emphasis added)))). However, applying this exception to the country condition determination would conflict with Circuit precedent, which has made clear that the country condition determination is jurisdictionally barred by § 1252(a)(2)(C). *See Shabo v. Sessions*, 892 F.3d 237, 241 (6th Cir. 2018).

torture does not meet the requirements for deferral of removal does not create a question of law because it calls into question the findings of fact the Immigration Judge relied on in denying Francis' application. *See Shabo v. Sessions*, 892 F.3d 237, 240–41 (6th Cir. 2018) (finding that the BIA's "holding that Shabo failed to establish a prima facie case of his likely torture is a factual determination that we lack jurisdiction to review.").

Francis' fifth argument—that the Immigration Judge violated his due process rights by declining to certify Daniel Smith and Rebecca Heller as expert witnesses—calls into question the Immigration Judge's evidentiary rulings. Because Francis' argument is a due process claim, we have jurisdiction to review the Immigration Judge's decision. *Tran*, 447 F.3d at 940. We review evidentiary rulings by Immigration Judges only to determine whether such rulings have resulted in a violation of due process. *Singh v. Ashcroft*, 398 F.3d 396, 407 (6th Cir. 2005). "[R]eviewing an alleged due process violation is a two-step inquiry: first, whether there was a defect in the removal proceeding; and second, whether the alien was prejudiced because of it." *Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005). In immigration proceedings, an applicant is "entitled to 'a reasonable opportunity to examine the evidence against him, to present evidence on his own behalf, and to cross-examine witnesses presented by the Government.'" *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir. 1998) (quoting 8 U.S.C. § 1252(b)(3)). "As a result, a hearing where an immigration judge cannot be said to have fairly considered the evidence presented by the petitioners is one where those petitioners have been deprived of due process." *Ahmed v. Gonzales*, 398 F.3d 722, 725 (6th Cir. 2005).

Francis' argument fails to show a defect in the removal proceeds. An Immigration Judge has "broad discretion" in conducting his or her hearings. *Id.* Here, the Immigration Judge declined to certify Smith and Heller as expert witnesses because neither provided the court or the

government with CVs prior to the hearing. This Court has upheld an Immigration Judge's decision to exclude evidence where the petitioners did not comply with filing deadlines and did not show good cause for their mistake. *See Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005); *see also Gaziev v. Holder*, 490 F. App'x 761, 765 (6th Cir. 2012) (declining petitioner's due process claim where the Immigration Judge refused to permit petitioner's expert testimony because petitioner violated the Immigration Judge's order by failing to provide expert's CV prior to the hearing). Further, the Immigration Judge's decision not to certify Smith or Heller as expert witnesses did not exclude the evidence entirely; rather, the statements were considered by the Immigration Judge as fact witnesses.

## III.    Conclusion

For the foregoing reasons, we **DISMISS in part and DENY in part** the petition for review.