No. 03-4062

File Name: 05a0446n.06

Filed: May 27, 2005

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHANDANA WEERASINGHE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD OF |
| JOHN ASHCROFT, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |

Before:     **NELSON** and **BATCHELDER**, Circuit Judges, and **COLLIER**, District Judge.[*]

**DAVID A. NELSON**, Circuit Judge. This case comes before us on a petition for review of a final order in which the Board of Immigration Appeals denied an application for asylum and withholding of removal. Citing the absence of corroborating evidence, an immigration judge declined to credit the petitioner's testimony that he was arrested, detained, and beaten by police in his native country. The petitioner now argues that the immigration judge erred in refusing to admit corroborating documents offered on the date of the hearing.

---

[*]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

No such argument was presented in the administrative appeal. The petitioner's failure to exhaust this issue deprives our court of jurisdiction to consider it. See *Ramani v. Ashcroft*, 378 F.3d 554, 558-60 (6th Cir. 2004). Accordingly, we shall deny the petition for review.

I

The petitioner, Chandana Weerasinghe, entered the United States without documentation in October of 2000. The Immigration and Naturalization Service initiated removal proceedings against him, and Mr. Weerasinghe applied for asylum and withholding of removal. According to Mr. Weerasinghe's asylum application, he is a native and citizen of Sri Lanka.

Mr. Weerasinghe was the only witness at the hearing on his application. He testified that he was arrested by Sri Lankan police in August of 1999 and detained for seven or eight days, during which time he was beaten and questioned about a man named Samon Deleanadachi. (This individual is also referred to in the hearing transcript as Samantha Liyange.) The police told Mr. Weerasinghe, he said, that Mr. Deleanadachi provided money and weapons to the Tamil Tigers, a terrorist organization of ethnic Tamils. Mr. Weerasinghe denied any knowledge of such activities. Mr. Weerasinghe was released after his father bribed an official. He then learned that a friend he knew as Samon Peraro was the man the police called Samon Deleanadachi. Mr. Weerasinghe said that he fled Sri Lanka in fear of both the police and Mr. Deleanadachi.

Although Mr. Weerasinghe testified that he speaks to his family in Sri Lanka about once a week, he did not present an affidavit from his father or any other documents corroborating his testimony. His lawyer sought to introduce four documents at the hearing, but the immigration judge refused to accept them on the ground that they should have been submitted in advance of the hearing date.

At the conclusion of the hearing, the immigration judge denied Mr. Weerasinghe's application. The immigration judge observed that Weerasinghe's uncorroborated testimony was not "the type of specific, detailed, believable testimony which is capable of providing adequate support for his claim."

Mr. Weerasinghe appealed to the Board of Immigration Appeals, presenting two assignments of error. First, Weerasinghe challenged the immigration judge's credibility determination, noting that it was at least partially based on the absence of corroborating evidence. Second, Weerasinghe challenged the immigration judge's refusal of a request to continue the hearing. The Board affirmed without opinion.

Mr. Weerasinghe has filed a timely petition for review.

II

Broadly speaking, Mr. Weerasinghe argues that the immigration judge should not have discredited his testimony because of the lack of corroborating evidence. The thrust of

his argument is that the judge should not have rejected his offer of documents on the date of

the hearing without letting Weerasinghe attempt to justify the untimeliness of the submission.

That specific argument was never presented to the Board of Immigration Appeals.

Mr. Weerasinghe's brief to the Board had this, and only this, to say with respect to his first

assignment of error:

> "Immigration Judge found Respondent to be lacking credibility.
> Immigration Judge stated that Respondent failed to substantiate his claim by
> producing documentation or corroborative evidence.
>
> Respondent relied on his testimony because his [sic] did not or was
> unable to obtain additional documentation. Respondent testified that he was
> taken into custody and beaten by the police for what he found out later to be
> because of a relationship with a friend that he had no idea to be a member of
> the Temele Tigers. Respondent has a well-founded fear of persecution if
> forced to return to Sri Lanka. Respondent feels that [he] will be killed either
> by the police or by the Temele Tigers."

With respect to Mr. Weerasinghe's second assignment of error, the brief said only that

the immigration judge should have granted a continuance because Weerasinghe was

"somewhat disoriented" and "unable to answer simple questions regarding his claim." There

was no suggestion that a continuance was needed for a reason having anything to do with

corroborating documents.

Far from challenging the immigration judge's exclusion of late-submitted documents,

Mr. Weerasinghe's brief suggested that the absence of corroborating evidence was due to his

own (or perhaps his attorney's) failure or inability to obtain such evidence. The brief made

no mention whatever of Weerasinghe's unsuccessful attempt to introduce documents on the date of the hearing.

Mr. Weerasinghe contends that his brief sufficiently raised a "challenge to the Immigration Judge's credibility determination based upon [Weerasinghe's] alleged failure to corroborate his claim." Perhaps so. But Weerasinghe's argument to this court is not that he in fact placed corroborating evidence in the record, or that his testimony should have been credited regardless of whether there was corroborating evidence. His argument, to repeat, is that the immigration judge should not have excluded his documents without allowing him to explain why he was late in presenting them. It cannot fairly be said, in our opinion, that the argument Mr. Weerasinghe has presented here was subsumed within the argument he presented to the Board.

Our decision in *Ramani v. Ashcroft*, 378 F.3d 554 (6th Cir. 2004), is instructive on this point. The notice of appeal filed with the Board in *Ramani* had raised a general challenge to the immigration judge's credibility determination. See *id.* at 557. But Mr. Ramani's arguments to this court were more specific; he argued that the judge had used unadmitted and unreliable evidence to impugn his credibility. See *id.* at 558. Noting that the more specific arguments had not been presented to the Board in the notice of appeal, we concluded that the

petitioner had failed to exhaust his administrative remedies. *Id.* at 558-59. The logic of *Ramani* dictates that we reach the same conclusion here.[1]

Mr. Weerasinghe's failure to exhaust his administrative remedies deprives this court of jurisdiction. See 8 U.S.C. § 1252(d)(1); *Ramani*, 378 F.3d at 558, 559. As we held in *Ramani*, "only claims properly presented to the [Board] and considered on their merits can be reviewed by this court in an immigration appeal." *Ramani*, 378 F.3d at 560. Because the argument advanced here was not properly presented to the Board, the petition for review is **DENIED**.

---

[1]The respondent has suggested that Mr. Weerasinghe could have exhausted his evidentiary issue by submitting the excluded documents to the Board. We are not persuaded that he had that option. Although the Board was empowered to review the immigration judge's factual findings de novo, see 8 C.F.R. § 3.1(d)(1) (2002), it was not empowered to receive additional evidence. See 8 C.F.R. § 1003.1(d)(3)(iv) (2005). (The regulations governing appeals to the Board were amended while Mr. Weerasinghe's appeal was pending, and while a regulation requiring the Board to review factual findings for clear error was not made applicable to pending cases, a regulation prohibiting the Board from receiving evidence was made applicable to such cases. See *id.* § 1003.3(f); 67 Fed. Reg. 54878, 54899 (Aug. 26, 2002).) Mr. Weerasinghe could have moved for a remand to the immigration judge, see 8 C.F.R. § 1003.1(d)(3)(iv) (2005), but that would probably have been a vain act.