NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0429n.06

No. 09-3901

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 14, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| TAN WU ZHANG, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )  ON PETITION FOR REVIEW OF A |
| | )  FINAL ORDER OF THE BOARD OF |
| ERIC H. HOLDER, JR., | )  IMMIGRATION APPEALS |
| | ) |
|     Respondent. | ) |
| | ) |
| | ) |

Before:  KENNEDY, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Petitioner Tan Wu Zhang, a native of China, entered the United States in 1999 and applied for asylum.  An immigration judge denied that application in 2004; the Board of Immigration Appeals (BIA) summarily affirmed the judge's decision in 2005. Zhang was then ordered removed to China, though it appears he never left the United States.

In 2008, almost three years after his removal order was entered, Zhang filed a motion with the BIA to reopen his asylum proceedings.  He alleged that he had joined the Party for Freedom and Democracy in China (PFDC), and that, if he returned to China, he would be persecuted because of his political activities.  To corroborate his claim, Zhang attached several documents showing that, because of his PFDC membership, the Chinese government was harassing his family members who remained in China.

The BIA acknowledged Zhang's evidence, but denied his motion as untimely. Generally, an alien must file a motion to reopen within 90 days of entry of a removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Zhang conceded that he did not meet that deadline, but argued that his motion was exempt from the deadline because it sought to raise an asylum claim and was based on "changed country conditions." *See id.* § 1229a(c)(7)(C)(ii) ("There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for [asylum or withholding of removal] and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered"). The BIA rejected Zhang's argument, concluding that his increased political activity was only "a change in his personal circumstances, and not a changed condition or circumstance in China." A.R. at 4.

Zhang now petitions for review of the BIA's decision, again arguing that his motion was timely because it was based on changed country conditions. Specifically, Zhang says that "conditions ha[ve] changed in China adverse to him as a dissident," as shown by the Chinese government's harassment of his family members. Zhang's Br. at 16. We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Daneshvar v. Ashcroft*, 355 F.3d 615, 625 (6th Cir. 2004).

As an initial matter, the BIA correctly held that Zhang must show "changed *country* conditions," not merely changed personal circumstances. 8 U.S.C. § 1229a(c)(7)(C)(ii) (emphasis added); *see also Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). Courts generally distinguish between the two based on who is responsible for the changed condition: If a country, for its own reasons, becomes more hostile towards an alien or his group, then changed country

conditions may exist; but if an alien voluntarily becomes a member of an already-oppressed group, then he has simply altered his personal circumstances. *See, e.g.*, *Niyibizi v. Mukasey*, 300 F. App'x 371, 375 (6th Cir. 2008) (an alien has altered his personal circumstances if "a static country condition . . . now affect[s] the applicant due to a personal choice the applicant made while in this country"); *Larngar v. Holder*, 562 F.3d 71, 76 (1st Cir. 2009) ("Under the case law, a change typically will be categorized as a change in personal circumstances, as opposed to a change in country circumstances, if the change is self-induced").

Here, Zhang concedes that his asserted change in his country's condition—the Chinese government's increased hostility towards him—is based solely on his actions in this country, rather than a shift in China's attitude toward dissidents generally. *See, e.g.*, Reply Br. at 2 ("Zhang amply demonstrated that country conditions ha[ve] changed in China because of his participation in the PFDC"). Thus, Zhang's motion was based on changed personal circumstances, not changed country conditions. Indeed we have held as much in two cases that are nearly identical to Zhang's. *See Liu v. Holder*, 560 F.3d 485, 493 (6th Cir. 2009) ("Liu's remaining evidence, which depicted his membership and participation in the [China Democratic Party] and its activities in the United States, demonstrated a change in Liu's personal circumstances but did not demonstrate changed country conditions in China"); *see also Wang v. Holder*, 359 F. App'x 589, 596 (6th Cir. 2009). The BIA did not abuse its discretion, therefore, in declining to reopen Zhang's asylum proceedings.

Zhang's petition for review is denied.