**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0504n.06

No. 19-3023

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ABDIKADIR HAMADI LUHISO, | ) | |
| | ) | **FILED** |
| Petitioner, | ) | Oct 04, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| WILLIAM P. BARR, Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE:   BOGGS, BATCHELDER, and DONALD, Circuit Judges.

BOGGS, Circuit Judge.   Petitioner Abdikadir Luhiso seeks review of a Board of Immigration Appeals ("BIA") decision denying as untimely his motion to reopen. Luhiso contends that the BIA erred by applying an incorrect standard in evaluating "changed country conditions" under 8 U.S.C. § 1229a(c)(7)(C)(ii). He also argues that the agency erred by classifying a prior larceny conviction as a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). We find these arguments to be without merit, and we DENY his petition for review.

**I. Background**

Luhiso is a twenty-nine-year-old native and citizen of Somalia. In 2003, Luhiso and his family fled to the United States from a refugee camp in Kenya. After coming to the United States, the family lived in New York where, in 2012, Luhiso was convicted of petit larceny. *See* N.Y. Penal Law § 155.25. Luhiso later moved to Michigan where, on December 5, 2016, he was

convicted of assault by strangulation or suffocation based on an altercation with his ex-girlfriend. He was sentenced to 365 days imprisonment. *See* Mich. Comp. Laws § 750.84(1)(b). Upon his release, the Department of Homeland Security ("DHS") took Luhiso into custody and initiated removal proceedings against him. DHS charged Luhiso with removability on two grounds: as an alien convicted of an aggravated felony, under 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1101(a)(43)(F), and as an alien who has been convicted of two or more crimes involving moral turpitude, under 8 U.S.C. § 1227(a)(2)(A)(ii). On October 17, 2017, an immigration judge found Luhiso removable and ordered him removed to Somalia. Luhiso waived his right to appeal this determination.

On April 10, 2018—175 days after the final order of removal—Luhiso filed a motion to reopen his immigration proceedings. Ordinarily, an alien has ninety days after a final order of removal to file a motion to reopen, but that deadline does not apply if the alien can demonstrate "changed country conditions . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). In support of "changed country conditions," Luhiso argued that (1) the terrorist group al-Shabaab's influence had grown within Somalia and (2) an unsuccessful attempt at removing him in December 2017, in which the flight was unable to reach Somalia, had raised his profile in the media and increased his risk of persecution.

The immigration judge concluded that Luhiso did not meet his burden of establishing changed country conditions in Somalia between October 2017 and April 2018, and denied his motion to reopen as untimely. The BIA agreed. The BIA concluded that Luhiso's proffered evidence regarding al-Shabaab's influence predated his final hearing, thus reflecting "continuing country conditions" rather than a material change. The BIA also agreed with the immigration

judge that the attempted removal constituted a change in personal circumstance rather than a change in country conditions. The BIA thus affirmed the immigration judge's determinations and dismissed Luhiso's appeal.

Luhiso now petitions for review, arguing again that his motion was timely because of changed country conditions in Somalia. He now also argues for the first time that the BIA erred by classifying his larceny conviction as a crime involving moral turpitude.

## II. Analysis

This court's jurisdiction is governed by 8 U.S.C. § 1252, which provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by having committed a criminal offense covered in . . . [§ 1227(a)(2)(A)(iii)]." This jurisdictional bar applies here because Luhiso's removal was adequately supported by his felony assault conviction. Thus, we have no jurisdiction to review the BIA's factual determinations. *Shabo v. Sessions*, 892 F.3d 237, 239 (6th Cir. 2018). We are permitted review over Luhiso's claims only insofar as they raise "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).[1] These legal claims are reviewed de novo. *Shabo*, 892 F.3d at 240.

### A. Changed Country Conditions

Luhiso's first claim is that the BIA erred as a matter of law in finding that Luhiso did not meet his burden of demonstrating changed conditions in Somalia between his final order of

---

[1] Luhiso raises one anticipatory response to the jurisdictional bar: that this court has held that in the context of hardship determinations for a cancellation of removal, 8 U.S.C. § 1229b(b)(1)(D), it has jurisdiction over a normally non-reviewable decision if the motion to reopen raised a new hardship ground not decided in the original determination. *See Hernandez-Perez v. Whitaker*, 911 F.3d 305, 315–16 (6th Cir. 2018); *Pilica v. Ashcroft*, 388 F. 3d 941, 948 (6th Cir. 2004). There are two reasons why these cases are inapplicable to our case. First, *Hernandez-Perez* and *Pilica* concern 8 U.S.C. § 1252(a)(2)(B), the provision governing denials of discretionary relief, rather than § 1252(a)(2)(C), the criminal-conviction jurisdictional bar. It is understandable (and perhaps preferable) that a laxer review standard applies to denials of discretionary relief than denials based on criminal convictions. Second, cases after *Pilica* regarding § 1252(a)(2)(C) continue to conclude that new factual determinations are non-reviewable, suggesting that this court does not see the two provisions as analogous. *See, e.g., Shabo v. Sessions*, 892 F.3d 237 (6th Cir. 2018).

removal in October 2017 and his motion to reopen in April 2018. Luhiso argues that the evidence submitted before the BIA established that al-Shabaab's influence grew in Somalia during this time, but we fail to see how this argument is not an attempt to reframe a purely factual determination by the BIA as a legal issue. This court has held that "[t]he existence of changed country conditions is a question of fact," and Luhiso's claim necessarily challenges this underlying determination. *Precaj v. Holder*, 376 F. App'x 553, 561 (6th Cir. 2010); *see also Zakar v. Sessions*, 739 F. App'x 774, 777 (6th Cir. 2018) ("Zakar argues on appeal that the BIA's conclusion was erroneous, but that argument necessarily challenges the BIA's factual determination regarding changed country conditions in Iraq, which we are jurisdictionally barred from reviewing."); *Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007) ("[T]he existence of 'changed circumstances' . . . is a predominantly factual determination, which will invariably turn on the facts of a given case[.]" (citation omitted)). The BIA noted that Luhiso's proffered evidence reflected a continuation of al-Shabaab activities that were both well-known and well-documented before October 2017, not a material change. This is a factual determination, which we have no jurisdiction to review.

Luhiso also contends that even if the BIA's determination is accepted, it still committed a legal error when it used an "impermissibly narrow" construction of the changed-country-conditions provision when evaluating the evidence. Specifically, Luhiso relies on *Mandebvu v. Holder*, which held that, in the context of reviewing an untimely application for asylum under 8 U.S.C. § 1158(a)(2)(D)[2], the BIA can consider incremental changes to country conditions, meaning that the applicant need not "show that he was ineligible for asylum when he arrived in the United States before he can take advantage of 'changed circumstances' to extend the deadline

---

[2] An alien must apply for asylum within one year of arriving in the United States, and he may not reapply if he is denied. 8 U.S.C. §§ 1158(a)(2)(B) and (C). However, § 1158(a)(2)(D) provides that these limitations are inapplicable "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay . . . ."

for filing an application." *Mandebvu v. Holder*, 755 F.3d 417, 426 (6th Cir. 2014). But *Mandebvu* is inapplicable in our case. Luhiso is not attempting to file an untimely application for asylum under 8 U.S.C. § 1158(a)(2)(D), but a motion to reopen under 8 U.S.C. § 1229(a)(c)(7)(C)(ii), which provides a stricter standard of evaluation. § 1158(a)(2)(D) allows consideration of an untimely asylum application if the applicant can demonstrate "changed circumstances" generally, whereas § 1229(a)(c)(7)(C)(ii) allows consideration of an untimely motion to reopen only if the applicant demonstrates "changed country conditions."

This court has previously analyzed the relationship between these two provisions and concluded that they are not coterminous. In *Zhang v. Mukasey*, we affirmed the BIA's conclusion that § 1229a(c)(7)(C)(ii)'s changed-country-conditions provision was the exclusive avenue of relief from a final order of removal after ninety days, in effect requiring any successive asylum application filed after the ninety-day deadline to demonstrate a change in country conditions before the application could be considered. *Zhang v. Mukasey*, 543 F.3d 851, 859 (6th Cir. 2008). In so holding, we acknowledged that § 1229a(c)(7)(C)(ii)'s changed-country-conditions standard contained "more stringent procedural requirements" than § 1158(a)(2)(D)'s changed-circumstances provision, which was a "laxer standard." *Id.* at 858. Since *Zhang*, this court has continually refused to apply *Mandebvu* in the context of a motion to reopen. *See Welson v. Sessions*, 744 F. App'x 249, 257 (6th Cir. 2018); *Reyna v. Lynch*, 631 F. App'x 366, 371 (6th Cir. 2015). Luhiso's reliance on *Mandebvu* is thus misplaced.

Luhiso also attempts to rely on this court's recent decision in *Pablo Lorenzo v. Barr*, 2019 WL 4065442 (6th Cir. July 9, 2019). In *Pablo Lorenzo*, a panel of this court held that the BIA abused its discretion in its changed-country-conditions analysis when it discounted petitioner's evidence that "demonstrate[d] that Guatemala [became] significantly more hostile towards

indigenous land-rights activists." *Id.* at \*6. The panel held that the BIA's failure to account for the "materially intensified" persecution constituted reversible error. *Id.* at \*7. However, Luhiso's reliance on *Pablo Lorenzo* is misplaced. The petitioner's motion to reopen in that case was not evaluated under the backdrop of 8 U.S.C. § 1252's criminal-conviction jurisdictional bar. While this panel does not have broad leeway to second-guess the BIA's factual determinations, there is also no evidence to indicate that the BIA improperly discounted any of Luhiso's proffered evidence. As the BIA noted, some of Luhiso's evidence "predate[d] his final hearing" and one report "published over 6 months before [Luhiso's] final hearing" noted essentially the same conditions regarding al-Shabaab's influence as those Luhiso alleged. BIA Order, A.R. at 4–5. To the extent that a change in country conditions is a factual determination, the BIA has already concluded that Luhiso's evidence represented a "continuous trend" rather than "materially changed country conditions." *Id.* at 4.

Luhiso next contends that the BIA erred by treating the December 2017 removal attempt as a change in personal circumstance rather than a change in country conditions. Tied to this claim is Luhiso's insistence that the BIA erred in denying his motion to reopen when it had granted similar motions to other individuals who were on the flight. Both arguments are without merit.

A change in circumstance is attributable to a country's conditions if the country as a whole becomes more hostile or dangerous. *Tan Wu Zhang v. Holder*, 385 F. App'x 546, 547 (6th Cir. 2010). However, a change is attributable to personal circumstance if it is the individual who is predominantly responsible for or affected by the change. *See ibid.* An individual's increased risk due to an already-existing attitude or perception in a country is insufficient to demonstrate a change in country conditions. *Ibid.* (noting that an increase in hostility due to a personal choice to join a persecuted political party could not be viewed as a change in country conditions); *see also, e.g.,*

*Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006) (holding that a divorce "was a purely personal change in circumstances"). Luhiso alleges that the heightened media attention surrounding the December 2017 incident increased his likelihood of being perceived as "Westernized" in Somalia, thus putting him at risk. But we fail to see how this antipathy towards Westerners significantly increased in Somalia after the incident. Indeed, the immigration judge noted that none of the news articles Luhiso offered in support of his claim identified him by name, and thus he could not conclude that the flight increased Luhiso's notoriety in Somalia. Thus, we reject Luhiso's argument that the BIA erred in its classification of the December 2017 incident as a change in personal circumstance.

We also reject Luhiso's argument that the BIA erred by granting reopening to other aliens who were on board the December 2017 flight. We have held that "[t]he BIA will sometimes reach opposite conclusions in cases that have many factual similarities, but this does not reflect a failure of the agency to follow its own precedent. Rather, the different outcomes are an expected result of the discretionary weighing required to make individualized determinations." *Ettienne v. Holder*, 659 F.3d 513, 518 (6th Cir. 2011). Luhiso does not offer precedential opinions that he believes the BIA has not followed but instead offers non-precedential opinions that are binding only on the parties. As such, there are no grounds to suggest that the BIA erred in this regard.

### B. Larceny Conviction

Separate from his argument regarding his motion to reopen, Luhiso argues for the first time on this petition for review that the immigration judge in his original removability proceeding erred in classifying his larceny conviction as a crime involving moral turpitude. However, our review of this new argument is barred by 8 U.S.C. § 1252(d)(1), as a "court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of

right[.]" We have interpreted this provision to limit consideration of claims that were not properly presented to the BIA and considered on their merits. *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004); *see also Viuda de Mejia v. Sessions*, 691 F. App'x 245, 248 (6th Cir. 2017) ("[N]ovelty is not often rewarded on appeal. In administrative cases such as this, claims never brought before the agency have not been exhausted and are generally not ripe for our review."); *Weerasinghe v. Ashcroft*, 134 F. App'x 26, 26 (6th Cir. 2005).

In *Ramani*, the petitioner argued for the first time before this court that the immigration judge improperly considered certain evidence related to his removal hearing. *Ramani*, 378 F.3d at 559. Because none of those arguments had been presented before the BIA, we held that we had no jurisdiction to review. *Id*. at 559–60. Similarly, here, Luhiso did not challenge the immigration judge's original classification of his larceny conviction but rather waived his right to appeal the judge's determination of removability on either basis. As such, we have no jurisdiction to review this new claim. Indeed, Luhiso does not even contend that he is not ultimately removable under other provisions of the Immigration and Nationality Act given his aggravated felony conviction. This provides further justification for our decision declining to review his new claim.

Luhiso's petition for review is DENIED.